STATE of Missouri,
Plaintiff-Respondent,

v.

Ronnie HANKINS, Defendant-Appellant.

No. 11691.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 4, 1981.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 27, 1981.

Application to Transfer Denied
April 6, 1981.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Miles Sweeney, Johnson & Sweeney, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

Defendant Ronnie Lee Hankins was jury-tried, convicted, and sentenced to 15 years' imprisonment for the crime of rape for violation of § 566.030.1(2), RSMo 1978, which provides that a person commits the crime of rape if he has sexual intercourse with another party to whom he is not married who is less than 14 years old. This appeal followed. We affirm.

The victim of the rape was a 10-year-old female child. She was living in a home occupied by defendant, his two sons (apparently by a previous marriage), the little

girl's mother, and five brothers and sisters of the victim. Defendant and the mother of the child in question were not married, but evidently had been living together in a common law relationship.

On Sunday, February 11, 1979, the child's mother took some of the children to a local discount store. Defendant, the female child, and her two brothers remained at home. Defendant and the two boys were out in the yard "ricking wood", and the little girl was in the house. Defendant came into the house and asked the child if she "wanted to do it." She said that she did not want to, but he said, "come on." Defendant took the child to a bedroom area and proceeded to have sexual intercourse with her. Her description of the sex act was explicit, and left no doubt that she knew the meaning of the term "sexual intercourse." The child also testified that defendant had had sexual intercourse with her on a number of prior occasions. Defendant told the child not to tell anyone about the sexual acts.

The child did not follow his advice. She related the incident to her mother, and to the nurse at her school the next day. The nurse immediately took the child to Dr. John Williams who specialized in obstetrics and gynecology. Dr. Williams made an internal and external examination of the child's genital area. At trial, Dr. Williams testified that the child had recent bruises in the region between her vagina and her left leg, that her vaginal perineum was relaxed to a greater than normal degree for a 10-year-old girl; that he could easily insert one finger into the little girl's vagina, and that her hymenal ring was not intact, but was destroyed, with no evidence being present of recent tearing or bleeding in the hymenal ring area. The doctor testified that, in his opinion, the examination was consistent with the child having had prior sexual intercourse.

■ On redirect examination, Dr. Williams was asked whether the child had made any statements to him during the examination. Over objection by defendant's attorney, the doctor stated that he asked the child if she understood what intercourse was and if she understood that it meant inserting the penis into the vagina. She told him that she understood, and she said that this had happened and "it hurt when he done it." She also said that it was common for a white material to "come out of her" after the sex act. The doctor testified that what the child told him was consistent with his findings made as a result of the physical examination. Defendant's attorney requested a mistrial by reason of such testimony, contending that it was hearsay, and was a relation of facts that had nothing to do with the doctor's diagnosis. The request for a mistrial was denied.

On appeal, defendant's first point relied on is that the trial court erred in permitting Dr. Williams to testify as to what the child had told him at the time of his examination of her for the reason that such statements were hearsay, and were not necessary for his use in diagnosing her condition. Defendant claims that the doctor's testimony as to what the child told him was prejudicial as it was "confirmation" of the child's testimony given by her on the stand, and made her testimony more believable by having it repeated by the doctor. Defendant has not cited us any case in point to substantiate his claim that the admission of the doctor's testimony regarding what the child told him into evidence was prejudicial error. A defendant in a criminal prosecution claiming error in the reception of evidence has a burden of showing both error and prejudice. *State v. Williams*, 606 S.W.2d 254, 255[4] (Mo.App.1980).

■ Dr. Williams was an examining physician. The purpose of his examination was to formulate an opinion as to whether the crime of rape had been perpetrated against the child in question, not *who* the assailant was. The statements made to him by the child were facts, not complaints, that had already been received in evidence through the child's direct testimony on the witness stand, and such facts were competent evidence. This being so, the doctor's recitation of such statements were an exception to the hearsay rule and were not objectionable.

*Baumhoer v. McLaughlin*, 205 S.W.2d 274, 280 (Mo.App.1947); *Gaines v. Schneider*, 323 S.W.2d 401, 405 (Mo.App.1959).

■ Even if it were to be assumed that the statements in question were hearsay, they were non-prejudicial. Hearsay evidence is objectionable in law because the person who makes the statement is not under oath and is not subject to cross-examination. That is not the case here. The child, who was the complaining witness, was present in court, had been sworn as a witness, had testified fully with respect to the details of the crime, was available for cross-examination, and had been thoroughly cross-examined. Under those circumstances, no prejudice could have occurred through the admission of the testimony in question. Point one is denied.

■ Defendant's remaining point relied on contends that the trial court erred in submitting the verdict instruction (Instruction No. 5) to the jury for the reason that the instruction did not specify the time and place of the alleged offense. Defendant argues that since the complaining witness testified that there were numerous acts of sexual intercourse between herself and defendant that the jury could have concluded that the offense took place "at a time other than the time of day for which defendant was able to account for his actions." Instruction No. 5 reads as follows:

"If you find and believe from the evidence beyond a reasonable doubt: First, that on or about February 11, 1979, in the County of Greene, State of Missouri, the defendant was not married to [the victim], and Second, that at that time and place the defendant had sexual intercourse with [the victim], and Third, that [the victim] was then less than fourteen years old, then you will find the defendant guilty of rape. However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense. If you do find the defendant guilty of rape, you will assess and declare the punishment at imprisonment for a term fixed

by you, but not less than five years and not to exceed fifteen years. MAI–CR2d 20.02.2"

Defendant argues that MAI–CR2d 20.02.2, which is the model for Instruction No. 5 here "requires wording to show the time of day or night or a designation between the hours of a certain time of day or night in which the offense is alleged to have occurred." MAI–CR2d 20.02.2 reads as follows:

"Rape: Child Less Than Fourteen Years Old

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) (at about [time of day or night] on) (between the hours of [times of day or night] on [date] in the (City) (County) of _____, State of Missouri, the defendant was not married to [name of victim], and

Second, that at that time and place the defendant had sexual intercourse with [name of victim], and

Third, that [name of victim] was then less than fourteen years old, then you will find the defendant guilty (under Count _) of rape.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty (under Count ___) of rape, you will assess and declare the punishment at imprisonment for a term fixed by you, but not less than five years and not to exceed fifteen years(,)

But if you further find and believe from the evidence beyond a reasonable doubt that the defendant, in the course of this offense (inflicted serious physical injury on [name of any person]) (displayed a deadly weapon in a threatening manner), you will assess and declare the punishment at:

1. Life imprisonment, or

2. Imprisonment for a term of years fixed by you but not less than ten years and not to exceed thirty years."

Notes on Use 1 and 2 to this instruction read as follows:

"1. Section 566.030, RSMo

2. See Supplemental Notes on Use under MAI–CR 17.00"

The first paragraph of this form instruction allows the use of the phrase "on or about." Note on Use 2 cross-references to MAI–CR2d 17.00, Supplemental Notes on Use. Paragraph 6 of those Supplemental Notes states:

"Time and place of the offense

The inclusion in any approved MAI–CR or MACH–CR form of a call for a charge or finding of time or place of any act or offense is not intended to alter general rules relating to these subjects. They may become of 'decisive importance' under certain circumstances, such as (a) when evidence of an alibi is introduced, or (b) when an issue of venue arises, or (c) where a statute of limitations may be involved, or (d) where the defendant may have committed several separate offenses against the same victim over a short space of time. See, for example, the forms in Series 20 on Sexual Offenses. In the ordinary case the time of an offense may be submitted by alleging that it occurred 'on' or 'on or about' or 'during' a certain date or period. *State v. Robb*, 439 S.W.2d 510 (Mo.1969)."

It is evident from the facts of this case that there was no reason for a finding of time and place more specific than was set out in Instruction No. 5. While such a finding may become of decisive importance under circumstances such as set out in Supplemental Note on Use 17.00.6, none of such circumstances exist here. Defendant did not claim alibi, there was no venue or statute of limitations question, and there was no evidence that defendant had committed several separate offenses against the same victim over a short period of time. The little girl testified to only one sexual offense on February 11, 1979, and said that it occurred during a period of time when her mother had gone to the store. All of the evidence, including defendant's, supported the fact that the mother had gone to the store on that day. All of the evidence, including that of defendant, supported the fact that defendant was at the family home, with the little girl, while the mother was at the store.

While the issues may be raised or joined which make time of decisive importance, even though the crime charged may not be of such nature to make time the essence of the offense itself, *State v. Graves*, 588 S.W.2d 495, 497 (Mo. banc 1979), no such issue is raised here. There is nothing in the evidence that supports the contention that the time period in which defendant was alone in the house with the child was too short for defendant to commit the offense in question. Since the evidence in the case does not make time a matter of decisive importance, the instruction, as given, was proper. Point two is denied.

The judgment of the trial court is affirmed.

All concur.