**STATE of Missouri, Respondent,**

v.

**Robert WOOD, Appellant.**

**No. 68034.**

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Rehearing Denied Dec. 18, 1986.

Kathleen Murphy Markie, Lew Kollias, Columbia, for appellant.

Honorable William L. Webster, Atty. Gen., John M. Morris, Michael Whitworth, Asst. Attys. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Robert Wood (hereinafter appellant) convicted of oral sodomy, §.566.060.1, RSMo Cum.Supp.1984 and sentenced to fifteen years imprisonment, sought relief in the Eastern District Court of Appeals and after affirmance there the cause was transferred to this Court. We decide the case as though on original appeal. Mo. Const. art. V, § 10. Judgment is affirmed.

The relevant facts are these: Appellant was charged with having compelled his sixteen year old stepdaughter (hereinafter victim) to engage in oral sodomy. At trial, the victim testified that appellant told her commit the oral sodomy or "he'd do the other thing." When asked why she did not want to do "the other thing" the victim responded that she was "scared" and "afraid" because appellant had "raped" her when she was twelve years old.

■ Appellant first challenges the admission of the victim's testimony concerning her rape by appellant which occurred four years earlier. This he argues, constituted impermissible evidence of a prior unrelated crime which so prejudiced the ju-

rors that it led to his conviction. He also argues the prejudicial effect of this testimony substantially outweighed its probative value as the alleged rape occurred four years prior to the crime for which he now stands charged. This poses a question analogous to that presented in *State v. James Nathaniel Moore*, 435 S.W.2d 8 (Mo. banc 1968) (hereinafter *J.N. Moore*). There defendant appealed from a conviction of *forcible* rape under § 559.260, RSMo 1959,[1] contending that the victim's slip and panties should not have been admitted as those exhibits were irrelevant and unnecessary to corroborate that the victim had been raped. Rejecting this contention, the Court noted the state has the burden of proving its case beyond a reasonable doubt when a plea of not guilty puts in issue all facts constituting the corpus delicti of a crime. The fact of force was an element of the crime and the condition of the undergarments tended to support the allegation of force, hence they were properly admitted.

▮▮▮ Section 566.060.1, RSMo Cum. Supp.1984 provides that sodomy is committed when an individual "has deviate sexual intercourse with another person to whom he is not married, without that person's consent by the *use of forcible compulsion.*"[2] (Emphasis added.) Here the victim's testimony concerning the prior rape was properly admitted as it served to demonstrate the element of "forcible compul-

sion." The victim stated that she engaged in oral sodomy because she was "scared" and "afraid" that appellant would force her to do "the other thing" i.e. sexual intercourse. The evidence of the prior rape explained the victim's fears which had their origin in the explicit threat the defendant made to her before proceeding. This bore directly on the "forcible compulsion" issue. *Cf. State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980) (statement that rape victim "looked like she had been dead" following rape held relevant on issue of force); *J.N. Moore, supra*, 435 S.W.2d at 11–12. In *State v. Bernie Delbert Moore*, 669 S.W.2d 630 (Mo.App.1984) another case closely on point, defendant was prosecuted on two counts of sodomy by "forcible compulsion." Evidence of defendant's having killed another man while in prison was admissible to account for the victim's fear of defendant and relevant to the "forcible compulsion" issue. Additionally, appellant's objection on the basis of remoteness in time is without merit because this factor affected the weight, not the admissibility of the victim's testimony. *State v. Bascue*, 485 S.W.2d 35, 37–38 (Mo.1972) (testimony of sexual misconduct occurring five years prior to the charged statutory rape was admissible). Appellant next contends the state improperly failed to disclose its intention to present testimony concerning the prior rape, though appellant had requested by motion that he be provided with

---

1. Section 559.260, RSMo 1959 provided:
 **Rape, punishment.**—Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of sixteen years, or by *forcibly* ravishing any woman of the age of sixteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury. (Emphasis added.)

2. The remainder of § 566.060, RSMo Cum.Supp. 1984 provides:
 2. Forcible sodomy or an attempt to commit forcible sodomy as described in subsection 1 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years, unless in the course thereof the

actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to deviate sexual intercourse or sexual intercourse with more than one person, in which cases forcible sodomy or an attempt to commit forcible sodomy is a class A felony.
 3. A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old.
 4. Sodomy as described in subsection 3 of this section is a class B felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon or dangerous instrument in a threatening manner, in which cases sodomy is a class A felony.

any material or information, names and last known addresses of person, [sic] written or recorded statements, transcriptions, memorandums, or other written evidence of testimony or statements of any person *regarding any other offenses* alleged to have been committed by the Defendant which the state may believe to be relevant or material in any way as to the proof of the offense charged or punishment therefor. (Emphasis added.)

First it should be observed that there is *"no general right* of discovery" in criminal cases, *State v. Aubuchon,* 381 S.W.2d 807, 813 (Mo.1964) (emphasis added), and it is incumbent upon appellant to demonstrate that his request fell within the clear boundaries of our Rule 25 which offers the only potential support, we have found, for appellant's position. Rule 25.03(A)(1) provides:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

(1) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their *written or recorded statements,* and existing *memoranda,* reporting or summarizing part or all of their oral statements; (emphasis added).

Appellant urges that the state's failure to disclose its intention to introduce evidence of the alleged rape deprived him of a fair trial, however he has neither alleged nor demonstrated the withholding or existence of any written or recorded statements or memoranda as provided in Rule 25.03(A)(1), addressed to the matter of the alleged rape. Because the information requested falls beyond the ambit of the Rule, the point is denied.

█ We next address appellant's challenge to the prosecutor's characterization of appellant as an "animal." While name

calling is not to be applauded, *see State v. Wallace,* 504 S.W.2d 67, 72 (Mo.1973), *cert. denied,* 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 76 (1974) (calling defendant a "young punk" did not require a new trial); *State v. Harris,* 351 S.W.2d 713, 716 (Mo. 1961) (calling defendant a "lying thief" did not improperly influence the verdict), we do not believe the epithet employed here so prejudiced the jury that appellant was denied a fair trial.

Finally, appellant in his brief asserts as error "allowing the prosecutor to argue in opening statement and closing argument to the effect that only the victim and defendant were present at the scene of the offense and that the victim was going to tell the truth," contending those remarks constituted an improper comment on appellant's right not to testify.

No objection was made to the alleged improper comment during the prosecutor's opening statement nor was objection raised in the motion for new trial. Further, no objection was made during closing argument nor in the motion for new trial to the prosecutor's alleged improper statement during closing argument. Though no foundation was laid for appellate review we nevertheless have examined the prosecutor's opening statement and final argument, for plain error and find no manifest injustice requiring reversal.

█ Relief should be rarely granted on assertion of *plain error* to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149, *reh'g denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). Plain error affecting substantial rights may be considered on appeal although not properly preserved for review but only where there is a

"sound, substantial manifestation ..., a strong, clear showing, that injustice or miscarriage of justice will result" if relief is not given. *State v. Meiers,* 412 S.W.2d 478, 480–481[1] (Mo.1967). The

court may consider questions going to closing argument under assertions of plain error, *State v. McClure*, 504 S.W.2d 664, 670[11] (Mo.App.1974), but relief will be rarely granted, *State v. Brown*, 528 S.W.2d 503, 505[2] (Mo.App.1975).

*State v. Bryant*, 548 S.W.2d 209, 211 (Mo. App.1977) (discussing former Rule 27.20(c); *see* current Rules 29.12(b) and 30.20). Here the brief remark was a curt statement meshed as a part of protracted discussions in opening statement concerning the fact that a number of witnesses would be called and various persons would testify as to several aspects of the case. A similar remark in the prosecutor's argument to the jury makes clear that the objectionable remarks, if indeed they were objectional, do not rise to the level of manifest injustice requiring reversal under the plain error doctrine. From the record we learn that appellant was represented by private counsel during trial and two members of the defense team participated throughout. Apparently they considered the remarks inconsequential not warranting objection or as trial strategy they set the stage for built in error. We cannot say that these contentions, raised for the first time on appeal, demonstrate a strong and clear showing that injustice or miscarriage of justice resulted.

■ During the defendant's evidence nine witnesses testified to a variety of unfavorable aspects of the victim's life, they spoke of her bad reputation in the community, her loose virtue and her propensity to prevaricate. Coming to her aid the prosecutor understandably argued:

Ladies and gentlemen of the jury, at the outset of this case I made an opening statement to you and I told you what our evidence would be. I think I was very candid with you at this point, I told you we would have one witness and I told you there would be an array of other witnesses trying to tear down [the victim's] testimony. Now I think that that's pretty well the way it's gone. There has been what I choose to call a dog and pony show, with a bunch of people coming in here with not a whole lot to say except to try to discredit [the victim]. But as you remember each and every one of them when it got down to specifics she never lied to them. They really didn't know anything first hand. They're just kind of talking about hearsay.

Shortly thereafter he conceded that she had admitted to the use of alcohol and marijuana, but added:

There's absolutely nobody here, myself included, condoning the use of a sixteen year old, but that's not the issue and let's don't let it cloud up things. [The victim] told what happened to her and the Defendant is on trial. It may not have seemed like that about halfway through but that's the way it is. To sit up there and testify and then sit back down there and be called a liar—to be called a liar by people she's never lied to, to be called a girl who is easy by a couple of kids that like to go around bragging, that she considered her friends, that she talked to like you and I talked to other teenagers when we were back then, to be down graded for that, that's the apple and the watermelon I was talking to you about.

Then followed this argument by defense counsel,

Now ladies and gentlemen, the Defendant, Bob Wood, has pled not guilty and *has told the Court he wouldn't do it.* Now [the victim] is saying he did do it. You have got to decide whether it happened or not.

. . . . .

*Now* [the victim] *in this case is completely uncorroborated. There wasn't anybody that got on that witness stand and verified anything that she said. Now the Prosecutor said there are only two people there.* But she testified there was a bunch of people at the trailer beforehand. (Emphasis added.)

Ending his final argument defense counsel made this plea:

He's not guilty of anything. He's absolutely not. He's at the mercy of [the victim]. And I ask you in your own

mind, would you want to be at the mercy of this girl? You know her pretty well after listening all day, would you want to put your life in her hands? Would you want to have your fate decided by what she says? I think not. I certainly wouldn't Her record is just not good. Her record cannot be believed. And this story has simply been manufactured to keep her mother and Bob apart, it's worked, they are apart.

Responding to these attacks upon the victim the prosecutor in rebuttal stated:

Now you see [the victim] with all the attack. That's what's got to come before [the victim], got to weather that because she's a human being like you and me, she's got to get on the stand and tell the truth, tell the absolute truth. She's done that. And all of this other, nobody said anything about [the victim's] reputation or background until it becomes—they needed to.

Though no objection was made at trial, in the motion for new trial defendant preserved for review his complaint concerning the following statement allegedly having been made in the prosecutor's rebuttal argument "there were only two people there and you only heard one testify." In fact the argument of the prosecutor to which defendant refers was

*[t]here was only two people there and you heard the evidence come in from [the victim] about who was there earlier in the evening and then who left and so on and so you know what that was.* Now you determine the facts from the evidence that comes to you, that you understand the evidence of [the victim]. All the rest of it put aside it comes down to believing [the victim]. And I submit to you that she's not a liar. (Emphasis added.)

Immediately prior to the foregoing statement, this additional statement appears, to which there was no objection at trial nor in the defendant's post trial motion.

You know if you really got a bad reputation in the school they should have been able to bring a whole bunch of teachers up here. How about a guidance counselor, something? Didn't see them. Now they talk about there wasn't anybody that got on the stand and backed her up. Did you hear one person get on the stand and say it wasn't true? You didn't hear one person get on the stand and say this act is not true. See, it cuts both ways.

The gist of appellant's attack is that the remarks made during rebuttal constituted a reference to the appellant's right to not testify in his behalf. We have held that an indirect reference to a defendant's choice to not take the stand is improper only if there is a "calculated intent" by the prosecutor to magnify that decision so as to call to the attention of the jury the failure to testify. *State v. Shields,* 391 S.W.2d 909, 913 (Mo.), cert. denied, 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369 (1965). We believe there was no calculated intent by the prosecutor to place before the jury the fact that appellant chose not to present his version of the events in question and cannot say this so called reference to appellant's non-testimony requires reversal.

Judgment is affirmed.

HIGGINS, C.J., BILLINGS, BLACKMAR, DONNELLY and WELLIVER, JJ., and MAUS, Special Judge, concur.

ROBERTSON, J., not sitting.