STATE of Missouri,
Plaintiff–Respondent,

v.

Clarence DINKINS,
Defendant–Appellant.

No. 46766.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Clarence Dinkins, appeals a jury conviction of unlawful possession of a concealable firearm, Section 571.070 RSMo Supp.1982, and sentence of six years as a prior offender. Dinkins requests plain error review of two related issues. Submissibility is not at issue. A brief summary of the facts will suffice.

Two policemen stopped Dinkins and a juvenile, Donald Williams, outside the New Salem Baptist Church on April 26, 1982. Both officers saw a bulge under Dinkins' jacket and one seized a .45 automatic pistol from Dinkins. The juvenile did not have a gun, was not arrested and was driven home where several friends and family members saw one officer talking to Donald's grandmother.

During trial defense counsel told the court in chambers that Williams testified in a previous trial, which resulted in a mistrial, that he found the pistol and had it in his pocket when stopped by the officers on April 26, 1982. Counsel noted that immediately following his testimony Williams was taken to juvenile detention. He was not charged with any offense. Defense counsel contended this was a matter of harassment. As a result counsel had been unable to convince several endorsed witnesses who were related to Williams to testify because their statements would "get Donald in trouble."

Joseph Ledgerwood, a juvenile officer, informed the court in chambers that if Williams testified differently this time, Ledgerwood was ordered to take him into custody for perjury. Thereupon, defense counsel withdrew his motion alleging improper interference with witnesses. However, Ledgerwood later stated in chambers that if Williams testified at all, he would be arrested and taken to juvenile court "for possible charges of perjury." Defense counsel requested that Williams be allowed to remain in the courtroom after his testimony, while other defense witnesses testified, to avoid possible intimidation of these witnesses. The court stated it could not require Williams to remain, but ordered that he not be arrested in the courtroom.

In the face of these warnings Williams testified. He told the jury he was arrested by the officers for carrying a gun. He stated that Dinkins had just approached him to ask for a cigarette when the officers stopped them. Williams further stated that the officers handcuffed him and took him home. Upon arrival at Williams' house, the officers removed the handcuffs and told his grandmother they had found a gun in his possession. Williams' aunt, Essie Davis, testified that she saw the policemen bring him home the night of April 26, 1982. She said one of the officers stated he had taken "a .45 off of" her nephew.

Defendant testified. He had just stopped Williams to ask for a cigarette when the policemen arrived. He stated that one officer pulled the gun from

Williams and said to Dinkins, "this is your gun, you influenced this kid." Dinkins said he was arrested then, but that the gun was not his.

In closing argument the state challenged without objection the credibility of the defense testimony. The argument now questioned will hereafter be quoted at length. Following a jury verdict of guilty and court sentence of six years, Dinkins appealed. The appeal was dismissed in 1983 for failure to file a transcript. The dismissal mandate was recalled and the appeal reinstated in June, 1987.

Defendant presents two issues of plain error in one claim of error. Dinkins claims he was denied a fair trial because his principal defense witness was intimidated which also discouraged other defense witnesses. This was aggravated because the prosecution, in closing argument, drew an unfavorable inference from the failure of defendant to call other possible defense witnesses.

Under Rule 30.20 claims of plain error defendant must make a strong, clear showing that the alleged error affected substantial rights to cause manifest injustice or a miscarriage of justice. *State v. Hicks*, 716 S.W.2d 387, 389 (Mo.App.1986). Relief should be granted rarely on assertions of plain error in closing argument. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986).

■ Defendant's claim of intimidation fails on the merits. The proceedings in chambers indicate conflicting evidence of intimidation. First, the court was told by the prosecuting attorney that defendant threatened Williams, the juvenile witness. Second, defense counsel objected to an attempt by the juvenile court to usurp the jury's role in determining whether Williams or arresting officers would testify truthfully. If the juvenile court's interference had prevented Williams from testifying, then the allegation of intimidation would have solid factual support. But Williams did testify, providing Dinkins with a defense. Moreover, Williams' aunt, Essie Davis, also testified to support Williams' testimony. There was neither an offer of proof nor evidence to support a finding that other favorable witnesses for defendant refused to testify or what they may have said. The jury was never exposed to the counter charges of intimidation of witnesses. There was no manifest injustice when the testimony Dinkins wanted from Williams was presented and corroborated. Nor does the record support a finding that defendant was deprived of the benefit of testimony of other witnesses, the nature of which was not offered to the court.

■ Defendant bolsters his claim of error regarding denial of fair trial because Williams was intimidated by citing the prosecuting attorney's closing argument. A conviction will be reversed for improper argument only if it is established that the comments complained of decisively affected the jury's determination. *State v. Hicks*, 716 S.W.2d 387, 391 (Mo.App.1986). The challenged portions are:

[Prosecutor]: So, why is Donald lying to you? Why is Donald lying to you? First of all, you know that Donald or you can be pretty sure that Donald knows the defendant, they live a block or less than a block away from each other.

Now, use your own judgment here *and perhaps there is some influence here, some threats.* And you recall Donald is kind of slow, he is a special student, perhaps he feels he is doing Dinkins a favor, perhaps he admires Dinkins. But his testimony, ladies and gentlemen, is just unreasonable and not to be believed. Now, the young lady who came in and testified. I think you recall her testifying for the defendant. I don't believe, ladies and gentlemen, she knew what was going on that evening at all. She was about to point out two of you as the police officers and it is clear she doesn't remember that evening or anything that happened that evening.

And let me ask you this: Is it reasonable, does it make any sense at all for those police officers to have gone in the house in the front room full of people and said, your son had the gun or you had the gun but we are going to give the case to the other guy? Now, that's absolutely ridiculous, it is preposterous. *If*

*that was said why do we only have one witness it there were a room full of people,* friends, father, grandmother, numerous aunts and uncles. Why is the the [sic] only person that the defense can produce say something? (our emphasis).

A prosecutor may comment on the credibility of defense witnesses and the truth or falsity of their testimony in closing argument. *State v. Nickens,* 701 S.W.2d 478, 483 (Mo.App.1985); *State v. Harris,* 622 S.W.2d 330, 336 (Mo.App.1981). Here we find prosecuting attorney's characterization of the uncalled witnesses as defense witnesses to be improper. Williams was not on trial and his relatives and friends were, therefore, equally available to the state as to the defense. By the testimony of defendant and Williams they were strangers. The elements necessary to raise an adverse inference are absent. When there is timely objection to closing argument the trial court has broad discretion in ruling on such objections. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149, *reh'g denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). Here defense counsel raised no objection. As a matter of preserved error this is a serious issue. But the trial court was not given an opportunity to sustain a proper objection or to assist in obtaining testimony of any absent witnesses.

Upon plain error review of the prosecuting attorney's challenged statements, there is an insufficient evidentiary basis to find these remarks affected defendant's substantial rights resulting in manifest injustice.

Judgment affirmed.

SMITH and KELLY, JJ., concur.