**STATE of Missouri, Respondent,**

v.

**Howard CHAPMAN, Appellant.**

**Howard CHAPMAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67368, 70044.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Presiding Judge.

Howard Chapman ("Defendant") appeals the judgment upon his conviction by a jury of five counts of rape in violation of § 566.030 RSMo 1994 [1], three counts of sodomy in violation of § 566.060, and two counts of sexual assault in the first degree in violation of § 566.100. Defendant was sentenced, in accordance with the jury's recommendations, to eight terms of life imprisonment on each of the rape and sodomy counts, and five years imprisonment and a $5,000 fine on each of the first degree sexual abuse counts, with all sentences to be served consecutively. Defendant also appeals from an order denying, without a hearing, his Rule 29.15 motion for post-conviction relief. Both appeals have been consolidated. We affirm both appeals.

Defendant was accused of sexually assaulting T.H., the daughter of his former girlfriend, during a three year period in which Defendant lived with T.H. and her mother. T.H. testified at trial that Defendant began molesting her when she was in the first grade. She testified that initially Defendant touched her vagina through her clothes. During T.H.'s second grade year, however, the abuse escalated into forced vaginal and anal intercourse.

Defendant's first point on appeal asserts the trial court erred in admitting certain testimony of Pam Byington, a Division of Family Services ("DFS") employee who was assigned by DFS to interview T.H., who was then twelve years old. Defendant contends his rights of confrontation, due process, and fair trial were violated. Defendant further maintains that Byington's testimony was hearsay and did not fall within the exception granted in § 491.075 [2], that it improperly bol-

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

2. § 491.075 provides, "A statement made by a child under the age of twelve relating to an offense under Chapter 565, 566, or 568, RSMo

... is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted...." The child in the present case was

stered T.H.'s testimony, and that it was clearly prejudicial to his case.

Byington testified regarding the course and procedure of her investigation. Defendant complains that Byington's statements describing her interview with T.H. were hearsay. The following questioning took place:

Q. And did the child give you a statement concerning abuse?

A. Yes she did

Q. What did you do then?

A. (no response)

Q. What was the next thing you did?

A. I interviewed the child, and she described to me sexual abuse.

MS. WEXLER: Objection to hearsay according to what the child said.

THE COURT: Your answer I don't think was really responsive to the question.

Q. (By Mr. Orzel): I'll try to be clearer. When you talked with the child, what did you talk about?

A. What did we talk about?

Q. Yes.

A. About the alleged report. I told her who I was and that we had received a report.

Q. Did she seem surprised by the fact that you were there?

A. No.

Q. What did she tell you regarding this incident?

MS. WEXLER: Again, I'm going to make an objection now to hearsay statements of the child.

MR. ORZEL: Again, it's not offered for the proof or the truth of the matter. It's being offered to show the continued course of conduct of the investigative officer and why they proceeded to do further items that they will be testifying about doing.

THE COURT: Objection is overruled.

Q. (By Mr. Orzel): You may answer the question.

A. Will you ask it again?

twelve at the time she made the statement to the

Q. What did she tell you about that?

A. She described sexual abuse by Howard Chapman.

■ Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant. *State v. Harris,* 620 S.W.2d 349, 355 (Mo. banc 1981).

Byington's testimony did not offer any details of the incidents of sexual abuse. The testimony was not hearsay because it was not offered to prove the truth of the statements, that Defendant sexually abused T.H., but rather was offered to explain the catalyst for Byington's investigation.

■ Testimony of what another said, offered in explanation of conduct, rather than as proof of the facts in the other's statement, is not inadmissible hearsay. *State v. Murray,* 744 S.W.2d 762, 773 (Mo.banc 1988), *Murray v. Missouri,* 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988).

■ Furthermore, even if the disputed testimony was considered to be hearsay, Defendant has not and cannot show how the admission of the testimony prejudiced his case. Hearsay evidence is objectionable in law because the person who makes the statement is not under oath and is not subject to cross-examination. *State v. Hankins,* 612 S.W.2d 438, 440 (Mo.App.1981). In *Hankins,* the defendant was charged with the rape of a 10 year old girl. At trial the physician who treated the child was allowed to testify about certain comments the child made during his treatment of her concerning what had occurred. The Southern District ruled that the testimony did not constitute hearsay and, even if it had, the defendant had failed to prove any prejudicial effect given that the victim was present in court, had been sworn as a witness, had testified fully with respect to the details of the crime, was available for cross-examination, and was in fact thoroughly cross-examined by the defendant. *Id.* at 440.

DFS employee.

The present case presents a nearly identical fact pattern. T.H. was present in court, testified in great detail concerning the allegations, and was extensively cross-examined by the Defendant. Defendant had the opportunity to reveal any discrepancies between Byington's testimony and that of T.H. The possibility for prejudice was excluded by T.H. testifying. Under these circumstances, no prejudice occurred by the admission of Byington's testimony.

Defendant relies on State v. Tyler, 676 S.W.2d 922 (Mo.App.1984), for the proposition that admission of hearsay testimony as to statements made by T.H. of the crime, even though made in court, may be prejudicial error. Our court noted, however, that there was no prejudice where the testimony of the court witness was consistent with the hearsay statements of the same witness. Tyler, 676 S.W.2d at 925.

In the present case, T.H. had testified in detail as to the sexual abuse she suffered from Defendant. Byington offered no such details. The extent of her testimony was that T.H. "described sexual abuse by Howard Chapman." Such testimony was entirely consistent with T.H.'s in-court testimony. Under the standard set forth in Tyler, there was no prejudice.

■ Defendant contends, for the first time on appeal, that he was prejudiced in that Byington's testimony improperly bolstered T.H.'s testimony when Byington described the information she received from T.H. as "consistent." Byington also testified that T.H. was upset and gave "little bits of information at a time, which kids normally do," and stated that T.H.'s actions were "not unusual at all."

■ Defendant's counsel did not make an objection for improper bolstering at trial. An objection made for the first time on appeal will not be reviewed when not presented to and ruled on by the trial court. Vaughn v. Ems, 744 S.W.2d 542, 549 (Mo.App.1988). Even if it was unnecessary for Defendant to raise the bolstering issue at trial, the testimony was not bolstering.

Defendant relies on two cases for his contention that he was prejudiced by improper bolstering of T.H.'s testimony: State v. Maxwell, 502 S.W.2d 382 (Mo.App.1973), and Tyler, 676 S.W.2d 922. The defendant in State v. Murray, 744 S.W.2d 762 (Mo.banc 1988) relied on the same cases. Our Supreme Court noted in Murray, that in both of the cases relied upon by the defendant, the testimony as to what the victim told a police officer included what was said about the details of the crime. In contrast, here, as in Murray, only what T.H. told Byington which was needed to explain the DFS's subsequent actions was offered in her testimony. In Murray, the officer's testimony was held not to have improperly bolstered T.H.'s testimony. Id. at 773. Byington's testimony, likewise, did not serve to improperly bolster T.H.'s testimony. Point denied.

Defendant's second point claims the trial court erred in failing to declare a mistrial sua sponte during the prosecution's closing and rebuttal arguments. Defendant argues that several of the prosecutor's statements, although not objected to at trial, nor in his motion for new trial, injected such prejudice in the jurors' minds that manifest injustice occurred and relief under plain error is necessary.

Plain errors are errors affecting the defendant's substantial rights and result in manifest injustice or miscarriage of justice. Rule 30.20. Although we do not approve of the arguments which were made without objection, we find no plain error occurred. None of the arguments were matters of what the evidence proved.

■ An appellate court should rarely grant relief on assertions that the trial court erred in not sua sponte taking remedial action during closing argument. State v. Sumlin, 915 S.W.2d 366, 369 (Mo.App.1996). Substantial latitude is allowed during closing argument and, under plain error review, improper argument does not justify relief unless the defendant has demonstrated that the argument had a decisive effect on the jury. Id. For the challenged comments to have had a decisive effect, there must be a reasonable probability that, in the absence of these comments, the verdict would have been different. State v. Roberts, 838 S.W.2d 126, 132 (Mo.

App.1992). Defendant failed to meet that burden. There was substantial evidence that Defendant would have been convicted of the sexual assault, rape, and sodomy charges absent the challenged remarks made by the prosecutor in his closing argument.

In particular, Defendant challenges three statements of the prosecutor. First, Defendant complains of the prosecutor's argument that he would have liked to have had a video of the incidents although such a recording "probably would have been pretty disgusting, and I might have been sickened by it." Defendant insists that the prosecutor's observation that such a recording "might have sickened him" was aimed solely at inflaming the passions and prejudices of the jury. We disagree.

In context, this statement was part of a closing argument in which the prosecutor highlighted the fact that sexual abuse commonly occurs behind closed doors and witnesses other than the victim are rare. The prosecutor explained that he would have preferred to have additional eye witnesses, even a videotape. The statement was designed to explain that, although a recording of the incidents would be distasteful, such a resource would be invaluable in ascertaining the facts, but was simply not available. Such argument, explaining the evidence comprising the prosecution's case and clarifying for the jury why other witnesses were not available to the prosecution, while not entirely proper, did not rise to the level of plain error.

Defendant next challenges two statements of the prosecutor asking the jury to impose a long sentence so Defendant would "not be free to prey upon any other children in our community." Defendant submits that these statements improperly referred to his future dangerousness.

It is improper for a prosecutor to argue as to a defendant's criminal proclivity and the necessity of preventing him from committing further crimes. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo.1970). The basis for this rule is that a defendant is on trial for what he is alleged to have done in the past and not for what he might do in the future. *Id.*

The state is permitted, however, to argue such propositions as the prevalence of crime in the community and the personal safety of its inhabitants, and such pleas may call upon common experience. *Sumlin*, 915 S.W.2d at 370. The state may further argue that conviction of the defendant is part of the jury's duty to prevent crime. *Id.* All of the above are legitimate arguments, as long as the prosecutor stays within the record and the reasonable inferences therefrom, and does not make an inflammatory appeal to the jurors to arouse their personal hostility toward or personal fear of the defendant. *Id.* (quoting *State v. Evans*, 406 S.W.2d 612, 616–17 (Mo.1966)).

Although the comments in question may have been improper in referring directly to Defendant's future criminal activity, both references were isolated and not made repetitiously. Other than the prosecutor's two brief comments, there was no focus or emphasis on the idea that Defendant may commit crimes in the future. Nor is the remark couched in language that would tend to instill some personal fear in the jurors. Given the brevity of the remarks and the strong evidence of Defendant's guilt, we find no reasonable probability that in the absence of these comments the verdict would have been different. These comments do not call for relief under the plain error rule. *See Sumlin*, 915 S.W.2d at 369–70, and *State v. Kalter*, 828 S.W.2d 690 (Mo.App.1992).

Last, Defendant claims that the prosecutor referred to his failure to testify when he argued that "[the victim] told you what happened. There's really only two people who were there. It's the victim and the defendant." Defendant argues that the prosecutor again referenced Defendant's failure to testify saying "there's only two people who know what happened, who know, and [the victim] told you what happened."

Reversible error is committed only when there is a direct and certain reference to a defendant's failure to testify. *State v. Hamilton*, 847 S.W.2d 198, 200 (Mo.App. 1993). A direct reference to a defendant's

failure to testify is made when the prosecutor uses words like "defendant," "accused," and "testify" or the equivalent. *State v. Lawhorn,* 762 S.W.2d 820, 826 (Mo.banc 1988). An indirect comment is improper only if the prosecutor demonstrates a calculated intent to magnify a defendant's decision not to testify. *Id.*

The Missouri Supreme Court addressed this issue on very similar facts in *State v. Wood,* 719 S.W.2d 756 (Mo.banc 1986). In that case the prosecuting attorney said in closing arguments, "there was only two people there and you heard the evidence come in from [the victim] about who was there earlier in the evening and then who left and so on and so you know what that was." The defendant in that case argued that the prosecutor's statement was a reference to his decision not to testify. The Supreme Court following its previous decision in *State v. Shields,* 391 S.W.2d 909, 913 (Mo.1965), *cert. denied,* 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369 (1965), found that such an indirect reference to the defendant's choice not to testify was not improper as there was no "calculated intent" on the part of the prosecutor to magnify that decision by calling it to the attention of the jury. *Wood,* 719 S.W.2d at 761.

As in *Wood,* the prosecutor's statements in the present case were made without objection from defense counsel and were not raised in the motion for new trial. Likewise, the statements were indirect and uncertain references to Defendant's failure to take the stand. We cannot conclude that the references were calculated to magnify Defendant's failure to testify. In context, we believe the statements of the prosecutor were meant to explain to the jury why the only evidence he presented was the victim's testimony. Child molestation generally occurs behind closed doors and often the only evidence available is the child's testimony. This is especially true when the alleged molestation took place many years before the trial, as it did here, since physical evidence of the crime is no longer available.

■ We are limited to plain error review. Plain error review is limited to instances where manifest injustice or a miscarriage of justice will result if such review is not invoked. *State v. Joles,* 755 S.W.2d 622, 624 (Mo.App.1988). A review of the evidence of Defendant's guilt, along with the prosecutor's argument in its entirety, does not support a finding that the comments complained of on appeal had a decisive effect on the jury which would require reversal of the jury's verdict. Defendant's rights to a fair trial and against self-incrimination were not infringed. Point denied.

■ In his final point, Defendant argues the motion court erred in denying his Rule 29.15 motion without a hearing. Defendant asserts trial counsel was ineffective based on his failure to object to the comments in the prosecutor's closing and rebuttal arguments discussed above. Although Defendant requested an evidentiary hearing, he did not appeal the motion court's failure to give him one.

■ Post-conviction review is limited to whether the findings and conclusions of the motion court are clearly erroneous. *State v. Driver,* 912 S.W.2d 52, 54 (Mo. banc 1995). Its findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *State v. Johnson,* 901 S.W.2d 60, 62 (Mo.banc 1995). A defendant is entitled to an evidentiary hearing on the 29.15 if 1) the motion alleges facts, not conclusions, warranting relief; 2) the facts alleged raise matters not conclusively refuted by the files and records in the case; and 3) the matters complained of have resulted in prejudice to the movant. *Driver,* 912 S.W.2d at 55.

In *State v. Clark,* 913 S.W.2d 399, 406 (Mo.App.1996), the Western District of this court faced a similar case. The defendant in that case complained about statements the prosecutor made in closing arguments which indicated that the defendant did not take the stand. The statements formed the basis of both the direct appeal and the Rule 29.15 motion. The Western District found that even if the statements were objectionable, they did not rise to the level of plain error. The court went on to say that a finding of no manifest injustice under the plain error stan-

dard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and therefore affirmed the denial of the defendant's 29.15 motion without a hearing. *Clark*, 913 S.W.2d at 406.

Likewise, in the present case, we determined that the remarks did not constitute plain error, even if objectionable. Nor did the remarks result in a deprivation of Defendant's right to a fair trial. Therefore, Defendant cannot relitigate the issue under the guise of ineffective assistance of counsel in a post-conviction proceeding. *Id.* The motion court did not err in denying Defendant's Rule 29.15 motion. Point denied.

The judgment of conviction and the order denying Defendant's Rule 29.15 motion are affirmed.

SIMON, J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

Infringement of a right against self-incrimination protected by the Fifth and Fourteenth Amendments of the United States Constitution, Article I Section 19 of the Missouri Constitution, Section 546.270 RSMo 1994 and Missouri Supreme Court Rule 27.05(a) is nothing less than plain error when the state makes a certain, indirect reference to defendant's failure to testify in closing argument. The state argued only two people know what happened, but only the prosecuting witness testified. The argument can have only one meaning, the defendant failed to testify. It is an indirect but certain reference to a prohibited and protected subject.

There is no reasonable justification for an argument which violates a right protected by four sources and serves no purpose except the denial of a fair trial. In fact, the prosecutor twice referred to the obvious circumstance that only two persons had personal knowledge of the facts and only one testified. That made the argument a certain, indirect reference to defendant's failure to testify. There was no need to tell the jury an obvious

fact, given the charges, that two persons "know what happened."

Our Supreme Court has never held a certain, indirect reference to a defendant's failure to testify is not plain error. The majority opinion cites *State v. Wood*, 719 S.W.2d 756 (Mo. banc 1986) and refers to a case cited in *Wood*, *State v. Shields*, 391 S.W.2d 909 (Mo.1965). In *Shields*, defendant was charged with robbery first degree. After his arrest he made three statements to a police officer which constituted an admission. The Supreme Court said, "[t]his court has said that if counsel for the state in fact, either directly or indirectly, refers to the defendant's failure to testify he is entitled to a new trial." *Id.* at 912. It held that an argument regarding defendant's statements to the police officer was, in essence, an argument of the evidence before the jury in a case where the court concluded the matter of reference was preserved error. In fact, the argument was the jury could consider the credibility instruction in appraising the degree of culpability admitted by defendant's statements which were in evidence as admissions. The facts and the issue in *Shields* are not decisive to the present contention that the argument indirectly, but certainly, referred to the testimony which the jury did not hear because the defendant did not testify.

The majority opinion also relies on *State v. Wood*, 719 S.W.2d 756 (Mo. banc 1986). The charge in *Wood* was similar to the charge in the present case, sodomy. The prosecutor in opening statement and closing argument argued in "effect that only the victim and defendant were present at the scene of the offense and that the victim was going to tell the truth." *Id.* at 759. The claim of error was not preserved by timely objection or in the motion for new trial. The Supreme Court did not hold that the issue was not reviewable as a matter of plain error. Rather, it reviewed for plain error and found "here the brief remark was a curt statement meshed as a part of protracted discussions in opening statement concerning the fact that a number of witnesses would be called and various persons would testify as to several aspects of the case. A similar remark in the prosecutor's argument to the jury makes

clear that the objectionable remarks, if indeed they were objectionable, do not rise to the level of manifest injustice requiring reversal under the plain error doctrine." The court analyzed defendant's closing argument. Defense counsel opened the door by arguing defendant "has told the court he wouldn't do it" and the victim "in this case is completely uncorroborated. There wasn't anybody that got on that witness stand and verified anything that she said. Now the Prosecutor said there are only two people there." The court noted the objectional argument of the prosecutor was in *rebuttal* to defendant's attack on the character of the prosecuting witness. The court found the prosecutor's indirect reference was not improper because in rebuttal there was no "calculated intent" to magnify defendant's decision not to testify. In the present case the statements were not made in rebuttal and, unfortunately, were not "curt statements meshed as a part" of other not objectionable matters. Here, the repeated references served only as certain, indirect references to defendant's failure to testify and deny the accusations.

Both *Wood* and *Shields* leave open the availability of plain error review for a certain, indirect reference to defendant's failure to testify.

The majority opinion also relies on *State v. Clark*, 913 S.W.2d 399 (Mo.App. W.D.1996), an opinion of the Western District of this court. In *Clark*, defendant made the original reference to the subject. He referred to his statement before the jury in the form of a television recording as "testimony." In *rebuttal*, after defendant's right was waived, the prosecutor referred to the same "evidence." *Clark* was rightly decided. But the argument and the circumstances in *Clark* are not authoritative for excusing the argument in the present case.

We have recognized both direct and indirect references are forbidden, *State v. Horne*, 691 S.W.2d 402, 405 (Mo.App.1985) [application for transfer denied] and that such arguments which "infringe upon defendant's right against self incrimination" are reviewable as matters of plain error. *Id.* Indirect, uncertain references are not matters of plain error. We have approved an argument that

the state's evidence is "uncontradicted" only where there are witnesses, other than defendant and not unfavorable to defendant, who could have been, but were not called as witnesses. *State v. Brittain*, 895 S.W.2d 295 (Mo.App.1995). The key issue is whether the indirect reference is certain or uncertain. The result in *Brittain* would be just the opposite if the only available witness to give contradictory testimony was the defendant. Certainty or uncertainty depends on knowledge of the jury, derived from the facts in evidence, that available, uncalled witnesses other than defendant could have rebutted or contradicted state's witnesses.

This dissent is based only on the self-incrimination issue. If the argument was an "uncertain" reference then the majority opinion would be a unanimous opinion. But, the indirect references were not uncertain; they had only one reasonable meaning. The argument connected two persons with knowledge and one as the only testifying witness. This was not an argument that "the witness told you she was alone with defendant when he committed the charged acts." That would have been entirely proper as an argument based on the evidence. That was not the argument.

In *Clark*, the court decided the argument was not objectionable. Because it was not objectionable, the failure to object could not be found ineffective assistance of counsel. Here, the argument was a matter of plain error and was subject to a timely objection which counsel failed to make. The Rule 29.15 issue of ineffective assistance of counsel in a case where the objection would have had merit, as opposed to *Clark* where it did not have merit, should be the subject of an evidentiary hearing.

Courts are charged with the duty of protecting a constitutional right protected by two constitutions, statute, and rule. The unnecessary argument in the present case reinforced credibility of the prosecuting witness and infringed on defendant's right against self-incrimination. Prosecution and conviction of the guilty is a necessary function of government to protect the public. But an argument which violates the four protections of a right serves to deny due process and

undermines confidence in the conviction. An argument which actually infringes on a right by reference to a prohibited subject and is not based on the evidence, particularly when it was unnecessary, denies due process and fair trial.

I am forced to dissent on both the direct appeal and the Rule 29.15 appeal.