**STATE of Missouri, Respondent,**

v.

**Lewis V. WOMACK, Appellant.**

**No. WD 54277.**

Missouri Court of Appeals,
Western District.

April 28, 1998.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James H. Klahr, Asst. Atty. Gen., Jefferson City, for Respondent.

HANNA, Judge.

On February 11, 1997, the defendant, Lewis Womack, was convicted by a jury of robbery in the first degree (§ 569.020, RSMo 1994) and armed criminal action (§ 571.015, RSMo 1994). He was sentenced as a prior offender to concurrent terms of ten years and five years. On appeal, the defendant contends that the trial court erred in restricting his voir dire examination and that the court failed to *sua sponte* prohibit the state's "send a message" argument.

On January 20, 1996, Jimmie Carl stopped his 1982 Honda Civic northbound on Beardsly Road in North Kansas City at approximately 10:30 P.M. after hitting a mound of snow which loosened his muffler. Mr. Carl was attempting to fix his vehicle when he noticed oncoming headlights. A man jumped from the vehicle and pointed a gun at Mr. Carl. A streetlight above allowed Mr. Carl to see the man's face.

Carl identified his assailant as a black man that was taller and lighter in color than he. He also stated that after the perpetrator threatened to kill him, he drove off with Carl's car. The assailant was followed by the woman who drove the second vehicle. Carl estimated that the entire incident took approximately two to three minutes. He walked home and reported the incident to the police.

Two days later, at approximately 6:30 A.M., Kansas City, Kansas, Police Officer Mark Goehner was dispatched to check on a suspicious looking vehicle. He located a 1982 Honda Civic and followed it for several blocks. A check of the vehicle's tags revealed that the vehicle had been stolen during a robbery in Missouri. Officer Goehner arrested the driver and its only occupant, who was later identified as Lewis Womack. The officer found a hunting knife on the defendant.

As a result of the defendant's arrest, Carl viewed a photo lineup at the Kansas City, Missouri Police Department on January 25, 1996, and immediately identified the defendant as the man who stole his vehicle. Carl identified the hunting knife as the one in his car when it was stolen.

In his first point, the defendant argues that the trial court abused its discretion by sustaining the state's objection to the defendant's voir dire questions concerning Carl's eyewitness identification of the defendant. He claims that being unable to ask these questions denied him the opportunity

to make informed challenges for cause as well as his peremptory strikes. Initially, we note that voir dire questions concerning eyewitness identification is a proper area of inquiry.

Defense counsel asked the panel if "[t]here is anyone who thinks an eyewitness can never be mistaken?" There was no response. He then asked, "[i]s there anyone who thinks an eyewitness is unlikely to make a mistake?" A discussion ensued with a venireman who indicated that misidentification was a possibility. He then asked if there was anyone that agreed with that venireman. The state objected and the trial court sustained the objection.

■■■ The purpose of voir dire is to explore and develop facts which would uncover possible bias and/or prejudices of the jurors so that counsel for each party can knowledgeably use their challenges. *State v. Letcher*, 772 S.W.2d 795, 799 (Mo.App.1989); *State v. Walker*, 743 S.W.2d 99, 103 (Mo.App. 1988); *State v. Grant*, 702 S.W.2d 857, 863 (Mo.App.1985). The trial court supervises the questioning of the venire panel as well as the nature and the extent of the inquiry. *Walker*, 743 S.W.2d at 103; *Grant*, 702 S.W.2d at 863. This court will only find a reversible error if the trial court abused its discretion, and the defendant can illustrate that he was prejudiced by the erroneous decision. *Letcher*, 772 S.W.2d at 799; *Walker*, 743 S.W.2d at 103; *Grant*, 702 S.W.2d at 863.

In *State v. Grant*, the trial court allowed defense counsel to inquire of the venire panel "whether any of them had ever been accused either by their mother or anyone else of something that they did not do." 702 S.W.2d at 857. Counsel then selected a venireman who had raised his hand and asked him "[h]ow did it make you feel when you were accused of something you did not do?" *Id.* The prosecution objected and the court sustained it. The appellate court found that the exclusion of this question was not an abuse of discretion because it was "at best only remotely relevant." *Id.* The court held that it was permissible for a court to restrict questions during the course of voir dire that were

irrelevant to the facts of the case or that would not assist counsel in uncovering bias.

In *State v. Walker*, the trial court did not allow defense counsel to ask the panel if they had ever been mistaken for someone else or had mistaken someone for someone else. 743 S.W.2d at 102. The defendant claimed that the purpose of the inquiry was to uncover bias and/or prejudice. The *Walker* court noted that a negative or positive response would not determine if a venireman was biased and/or prejudiced. The court held that the defendant's defense of misidentification was not prejudiced by the restriction of his voir dire. *Id.* at 102. It also found that the defendant was not prejudiced because the victim had been with the defendant for a considerable amount of time before the crime occurred and that defense counsel did not object when the victim identified the defendant. *Id.*

Following the rationale in *Walker*, the court in *State v. Letcher* found that the trial court did not improperly restrict the defendant's voir dire inquiry of misidentification by sustaining the state's objection to the defendant's questioning of whether any of the venire panel had been victims of misidentification. 772 S.W.2d at 799. The court held that the inquiry improperly injected argument in the voir dire. *Id.* The court also noted that this restriction did not prejudice the defendant because the identifying witnesses had known the defendant for a number of years. *Id.*

■■■ The questions asked by defense counsel here were not designed to uncover bias and/or prejudice. Instead, the questions were argumentative. They were intended to inject the defendant's argument, that the eyewitness was not reliable, into the voir dire examination. Phrasing a voir dire question in such a manner which pre-conditions the panel members' mind to react, even subconsciously, in a particular way to anticipate evidence is an abuse of counsel's privilege to examine prospective jurors. *State v. Garrett*, 627 S.W.2d 635, 642 (Mo. banc 1982), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982)(habeas corpus granted on other grounds); *State v. Taylor*, 742 S.W.2d 625, 627 (Mo.App.1988). Point denied.

The defendant next claims that the trial court erred by not intervening during the state's closing argument *sua sponte* to prohibit the prosecutor's "send a message" argument. He contends that the prosecutor warned the jury that a not guilty verdict would send a message that unless the jury convicted the defendant, it would tell the community that crimes committed in seclusion will not result in a conviction. The prosecutor argued that "by finding this defendant not guilty, you send a message that in Jackson County if you are going to be a victim of a violent crime, then your better make sure it happens in a crowd and you better make sure it happens for a long time, otherwise, nothing is going to happen." The argument combined elements of "send a message" and personalization.

■ Since the argument was not objected to at trial, or raised in the defendant's motion for new trial, the matter is reviewable by this court only for plain error pursuant to Rule 30.20. *State v. Chapman*, 936 S.W.2d 135, 139 (Mo.App.1996). In criminal matters, "plain error" is only applicable if there is a strong showing of "manifest injustice" or a "miscarriage of justice" if not corrected. *State v. Clark*, 913 S.W.2d 399, 405 (Mo.App. 1996); *State v. Fleer*, 851 S.W.2d, 582 592 (Mo.App.1993).

■ An appellate court will rarely grant relief on assertions that the trial court erred in not *sua sponte* taking remedial action during closing argument. *Chapman*, 936 S.W.2d at 139. Improper argument does not justify relief unless the defendant has demonstrated that the argument had a decisive effect on the jury. *Id.* For the challenged comments to have had a decisive effect, there must be a reasonable probability that, in the absence of these comments, the verdict would have been different. *Id.* Therefore, in reviewing whether the comments made had a decisive effect, this court must examine whether in the absence of these comments would the verdict have been different. *Id.*

■ A prosecutor may legitimately argue that the jury should "send a message" that criminal conduct will not be tolerated or should be severely punished. *State v. Cobb*,

875 S.W.2d 533, 537 (Mo. banc 1994), *cert. denied*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994)(citing *State v. Olds*, 603 S.W.2d 501, 511 (Mo. banc 1980)). Moreover, "[s]ubstantial latitude is allowed during closing argument and, under plain error review, improper argument does not justify relief unless the defendant has demonstrated that the argument had a decisive effect on the jury." *Chapman*, 936 S.W.2d at 139. The argument here has some degree of legitimacy in that it may also be understood to mean that those crimes committed where there is only one eyewitness should be treated the same as those committed where there is more than one witness.

■ However, using phrases like: "if *you* are going to be a victim, then *you* better make sure it happens in a crowd," and "*you* better make sure it happens for a long time" (emphasis added), had the effect of personalizing the argument by placing the jury members in the victim's place. Closing argument that personalizes has been repeatedly criticized. Although we do not approve of the argument, it is not reversible error. *State v. Norton*, 949 S.W.2d 672, 677 (Mo.App.1997). The argument did not have a decisive effect on the verdict. The victim made a positive identification and the defendant was apprehended with the victim's vehicle two days following the commission of the crime with the victim's knife on his person. There was substantial evidence of the defendant's guilt. *State v. Baller*, 949 S.W.2d 269, 273 (Mo.App.1997)(holding that the complained of statements may be improper personalizations, but plain error does not embrace all errors and defendant has not demonstrated manifest injustice). There is no manifest injustice. Point denied.

The judgment of the convictions are affirmed.

LAURA DENVIR STITH, P.J., and RIEDERER, J., concur.