**Sylvester ANDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 78980.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 2001.

---

1. All rule references are to Mo. R. Civ. P.2001, unless otherwise indicated.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before RICHARD B. TEITELMAN, P.J., GARY M. GAERTNER, J., and CLIFFORD H. AHRENS, J.

## ORDER

PER CURIAM.

Sylvester Anderson ("movant") appeals the judgment of the motion court denying his motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 after an evidentiary hearing.

In movant's only point on appeal, he asserts ineffective assistance of trial counsel for failing to object to the verdict director for burglary in the second degree. Movant raised this same claim of error in his direct appeal. *State v. Anderson*, 3 S.W.3d 866 (Mo.App.1999). Movant is precluded from raising a claim that he raised on direct appeal. Issues decided on direct appeal will not be reconsidered on a theory of ineffective assistance of counsel in a post-conviction proceeding. *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992). A "finding of no manifest injustice under the plain error standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Chapman*, 936 S.W.2d 135, 141–142 (Mo.App. 1996).

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).