STATE of Missouri, Respondent,

v.

Kenneth H. THOMPSON, Appellant.

No. SC 83661.

Supreme Court of Missouri,
En Banc.

May 25, 2004.

Thomas J. Jacquinot, Office of Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda S. Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

ON MOTION TO RECALL
THE MANDATE

RICHARD B. TEITELMAN, Judge.

### FACTS

Kenneth Thompson was tried and convicted of two counts of first-degree mur-

der. He was sentenced to death on both counts. On appeal, this Court affirmed the verdicts of guilt but reversed the sentences of death and remanded for a new penalty phase trial. *State v. Thompson*, 985 S.W.2d 779, 792 (Mo. banc 1999).

At the new penalty phase trial, the jury first returned verdicts of life imprisonment. *State v. Thompson*, 85 S.W.3d 635, 636 (Mo. banc 2002). However, after being polled, the jury appeared to lack unanimity, and the trial court ordered further deliberations. Shortly thereafter, the jury announced that it was deadlocked. The court declined to make further inquiry and accepted the "deadlocked" verdicts. *Id.* at 637.

At the sentencing hearing, the trial court found the existence of aggravating circumstances and sentenced Thompson to death. *Id.* This Court reversed and remanded for a new sentencing hearing because the judge did not adequately poll the jury and sentenced Mr. Thompson to death after the jury deadlocked. *Id.* at 643. Because a new penalty phase was ordered, this Court determined that it need not address the potential applicability of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which was issued just prior to this Court's decision.

Mr. Thompson moves this Court to recall the mandate and re-sentence him to life imprisonment under *State v. Whitfield*, 107 S.W.3d 253, 267 (Mo. banc 2003).

### DISCUSSION

■ A motion to recall mandate may be used to obtain relief from convictions and sentences that are inconsistent with federal constitutional rules. *Whitfield*, at 267. The Sixth Amendment requires the jury, not a judge, to determine the facts supporting imposition of the death penalty. *Ring*, 536 U.S. 584, 589, 122 S.Ct. 2428, 153 L.Ed.2d 556; *Whitfield*, at 257. Accordingly, a judge is not authorized to impose the death penalty if the jury did not find the facts necessary to impose the death penalty. *Id.* In cases where a defendant is sentenced to death by a judge in violation of the Sixth Amendment, the only possible sentence is life imprisonment. *Whitfield*, at 256; section 565.040 RSMo 2000.

■ As determined in *Whitfield*, the holding in *Ring* operates retroactively and prohibits judges from finding the facts necessary to support a death sentence in "all future death penalty cases and to those not yet final or still on direct appeal." *Whitfield*, at 268. Mr. Thompson's case was not yet final when *Ring* was decided and, thus, comes under the purview of the rule announced in that case.[1] Because Mr. Thompson was sentenced to death by a judge in violation of his federal constitutional right to jury fact finding, the mandate is recalled, and he is sentenced on each count to life imprisonment without eligibility for probation, parole, or release, except by act of the governor. In all other respects, the judgment is affirmed.

All concur.

---

1. *State ex rel. Baker v. Kendrick,* 136 S.W.3d 491, 2004 WL 1153053 (Mo. banc 2004) (No. SC 85653), explains in greater detail the scope of *Whitfield*.