STATE of Missouri, Respondent,

v.

Howard B. CHAPMAN, Appellant.

No. ED 67368.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 19, 2005.

Gary E. Brotherton, Nancy A. McKerrow, Columbia, MO, for appellant.

John M. Morris III, Deborah Daniels, Cheryl A. Caponegro Nield, Jefferson City, MO, for respondent.

## ON MOTION TO RECALL THE MANDATE

### GEORGE W. DRAPER III, C.J.

Howard Chapman (Defendant) was convicted of five counts of rape in violation of section 566.030, three counts of sodomy in violation of section 566.060, and two counts of sexual assault in the first degree. On November 18, 1994, the trial court sentenced Defendant to eight terms of life imprisonment on each of the rape and sodomy counts. Defendant was also sentenced to five years' imprisonment and to pay a fine of $5,000 for each of the sexual assault counts. The court ordered all sentences to be served consecutively. Defendant appealed from his judgment of conviction and sentence, which this Court affirmed. *State v. Chapman*, 936 S.W.2d 135 (Mo.App. E.D.1996). Defendant has

now filed a *pro se* motion to recall the mandate in this appeal, contending he received ineffective assistance of appellate counsel. The State has filed a response to the motion. Defendant's counsel, who recently entered his appearance, has filed a reply and a supplemental reply to the State's response.[1]

■ Although an appellate court divests itself of jurisdiction when it transmits its mandate, jurisdiction may be reacquired by means of " 'the judicial power to recall a mandate for certain purposes.' " *State v. Whitfield,* 107 S.W.3d 253, 256 (Mo. banc 2003), *quoting, State v. Thompson,* 659 S.W.2d 766, 768 (Mo. banc 1983). Since Appellant was sentenced prior to January 1, 1996, a motion to recall mandate is the appropriate vehicle in which to raise his ineffective assistance of appellate counsel claim. *State v. Griddine,* 75 S.W.3d 741, 743 (Mo.App. W.D.2002). "To support a motion to recall a mandate due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994).

■ Defendant asserts his appellate counsel was ineffective because he failed to challenge his sentences for rape and sodomy as violating the prohibition on ex post facto laws. Defendant contends that his convictions for rape and sodomy were based on conduct that occurred in the Spring of 1987 and thus, he should have been sentenced under the law as it existed at that time. Defendant argues that the crimes of rape and sodomy as charged in the indictment were class B felonies for which the maximum sentences were 15 years. Defendant received life sentences for each of the eight counts of rape or sodomy. Defendant's argument has merit.

Defendant was charged with committing rape in violation of section 566.030. At the time the crimes occurred, the 1986 version of that statute was in effect. At that time, a person committed the crime of rape "if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old." Section 566.030.3, RSMo 1986. The crime of rape is a class B felony unless the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner. Section 566.030.4, RSMo 1986. Similarly, under the 1986 version of section 566.060, sodomy with a child under the age of fourteen was a class B felony unless the actor inflicted serious physical injury or displayed a deadly weapon or dangerous instrument in a threatening manner. Section 566.060.4, RSMo 1986. Defendant was neither charged nor was the jury instructed on infliction of serious physical injury or displaying a deadly weapon. Therefore, the crimes of rape and sodomy, as charged and tried, were only class B felonies. A Class B felony is punishable with a maximum sentence of fifteen years. Section 558.011, RSMo 1986.

At the time Defendant was tried and sentenced, the crimes of statutory rape and statutory sodomy had been amended and the maximum punishment increased to life imprisonment. Sections 566.032.2, RSMo 1994, and 566.062.2, RSMo 1994. However, because Defendant's crimes were committed prior to the amendment to the statute, they were all class B felonies. *State v. Jackson,* 896 S.W.2d 77, 84 (Mo. App. W.D.1995). All of his sentences on Counts I through VIII exceed the maximum punishment authorized by the 1986

---

1. Defendant's motion to supplement his response is granted.

statute for a Class B felony. Accordingly, the sentences do violate the ex post facto clause as the Defendant is disadvantaged by a harsher penalty. *Id.*

The State has conceded error in its response. We agree that this is a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. As the crimes were charged and tried, they were class B felonies for which the maximum punishment is fifteen years. Defendant's current sentences to life imprisonment are excessive. To correct this error, which should have been raised by appellate counsel, we must recall our mandate in Defendant's direct appeal.[2]

█ Even though the State and the Defendant agree that the mandate should be recalled in his direct appeal and Defendant's sentences under Counts I through VIII for the counts of rape and sodomy reversed, they disagree on the remedy. The State asserts that Defendant's case should only be remanded for resentencing by the trial court. However, the Defendant asserts he is entitled to a new trial on both guilt and sentencing, because he is entitled to jury sentencing.

Defendant's assertion would seem to be warranted under the existing case law, which holds that when a jury is misdirected as to the range of punishment for a crime because the jury instruction overstated the maximum term of imprisonment, then a defendant is entitled to a new trial on all issues. *State v. Cline*, 808 S.W.2d 822, 826–27 (Mo. banc 1991). In *Cline*, the jury was erroneously instructed that the maximum range of punishment for possession of methamphetamine was twenty years. *Id.* at 824. However, after the date of the alleged offense but prior to the jury trial, the maximum term was reduced to seven years. *Id.* The jury sentenced Cline to five years, which was within the statutory limits. The Supreme Court concluded Cline was entitled to have his conviction reversed and remanded for a new trial. *Id.* at 827–28. The trial court could not simply resentence Cline because he was entitled to jury sentencing under section 557.036. *Id.* In ordering the new trial, the Court stated that a defendant has a right to a correct instruction on the range of punishment, and the fact that the punishment was within the statutory range, does not remedy the infringement of that right. *Id.* at 827. Moreover, the trial court's authority under Rule 29.04 and 29.05 to correct the sentence does not authorize the trial court to amend the punishment where the jury has been misdirected on that issue. *Id.; See also, State v. Pritchard*, 982 S.W.2d 273 (Mo. banc 1999); *State v. Whardo*, 859 S.W.2d 138 (Mo. banc 1993).

Although these cases would seem to indicate that Defendant, whose jury was erroneously instructed as to the range of punishment, should be entitled to a new trial on both guilt and sentencing, a significant change in the law has developed. At the time *Cline* and its progeny were decided, the sentencing statute provided for a unitary procedure in which the jury assessed guilt and punishment in the same proceeding. Section 557.036, RSMo 2000. As a consequence, there was no clear ability to simply remand a case for jury sentencing. In 2003, however, the legislature adopted a bifurcated proceeding, similar to that used in death penalty cases, in which

---

**2.** The State has requested that this Court treat Defendant's motion as a writ of habeas corpus. However, Defendant is not incarcerated within the geographical boundaries of the Eastern District. Moreover, it is not necessary that we treat Defendant's motion as a writ of habeas corpus to grant him the necessary relief. We deny their request.

guilt and sentencing are determined in two separate proceedings. Section 557.036, RSMo Cum.Supp.2004.[3]

In a recent opinion, the Missouri Supreme Court upheld the constitutionality of this procedure and further concluded that it was a procedural law that could be applied retroactively. *State v. Jaco,* 156 S.W.3d 775, 781 (Mo. banc, filed January 11, 2005 as modified March 1, 2005). There is no constitutional right to jury sentencing, rather it is only a statutory right. *Cline,* 808 S.W.2d at 826. The decisions in *Cline* and its progeny are based on the requirements of section 557.036. Section 557.036 now provides for a bifurcated proceeding and there is nothing in the statute that requires the determination of both the guilt and the sentence by the same jury. The error in Defendant's case applied only to the determination of the sentence. Principles of judicial economy only require a new trial as to the determination of his sentence and not his guilt. Defendant is no longer entitled to the unitary procedure and his case can be remanded only for the sentencing phase.

■ Defendant's motion to recall his mandate in his direct appeal is granted and the mandate is recalled.[4] Defendant's sentences under Counts I through VIII for the counts of rape and sodomy shall be reversed. The case is remanded to the circuit court for jury sentencing in accordance with the procedure set forth in section 557.036.

GLENN A. NORTON and
NANNETTE A. BAKER, JJ., concur.

---

3. For an excellent discussion of this new bifurcated procedure, see Meredith Hammers, *Bifurcated Criminal Trials: A New Mandate Without Guidance,* 72 UMKC Law Rev. 1137 (Summer 2004).

4. In his reply, Defendant raises an additional claim of ineffective assistance of trial counsel. We find it to be without merit. In his PCR appeal, Defendant had argued that his trial counsel was ineffective for failing to object to various arguments made by the State during closing and rebuttal. We concluded that our finding that the remarks did not constitute plain error on direct appeal served to establish a finding of no prejudice under the test for ineffective assistance of counsel. *Chap-*

*man,* 936 S.W.2d at 141–42. This conclusion was abrogated by the Missouri Supreme Court in *Deck v. State,* 68 S.W.3d 418, 427 (Mo. banc 2002). However, if there is no prejudicial error, then there is no ineffective assistance of trial counsel. *See, Shifkowski v. State,* 136 S.W.3d 588, 590 (Mo.App. S.D. 2004). In reviewing Defendant's direct appeal this Court concluded that even though there were some errors by the State, there was strong evidence of Defendant's guilt and his rights to fair trial and against self-incrimination were not infringed. *Chapman,* 936 S.W.2d at 140–41. Consequently, Defendant suffered no prejudicial error and is not entitled to have his mandate recalled in his PCR appeal.