**STATE of Missouri, Respondent,**

v.

**Tommy Gene ROSE, Appellant.**

**No. ED 85092.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 9, 2005.

Lawrence O. Willbrand, St. Louis, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Defendant Tommy G. Rose ("Defendant") appeals his conviction of driving while intoxicated, in violation of Section 577.010,[1] and sentence as a persistent offender, pursuant to Section 577.023, to four years imprisonment. We affirm in part and reverse and remand in part.

### Background

On January 18, 2003, between 9:30 and 9:45 p.m., Normandy police officer Brian Bardle responded to a radio dispatch, which reported a red pickup truck weaving in and out of traffic on Highway 70. Officer Bardle spotted the truck, observed it nearly collide with another vehicle, noticed that it had a broken taillight, and pulled it over. Normandy police officer Madigan, who was also in the area, assisted Officer Bardle as back-up.

Defendant was driving the pickup truck. After being pulled over, Defendant exited the truck and walked toward Officer Bardle's vehicle. Officer Bardle testified at trial that Defendant leaned against the truck as he moved toward the police vehicle in order to keep his balance and nearly fell when he reached the end of the truck. Officer Bardle further testified that he had to hold Defendant while he talked with him and noted a "very strong" odor of alcohol on Defendant's breath, glassy and red eyes, and slurred speech. Officer Bardle asked Defendant to perform three field sobriety tests: a horizontal gaze nystagmus test, a one-leg-stand, and a walk and turn test. Defendant failed the horizontal gaze nystagmus and refused to complete the other tests.

Officer Bardle arrested Defendant for driving while intoxicated and placed him in Officer Madigan's patrol car for transportation to the St. John Police Department where a BAC test could be administered.

St. John officer Kenneth Martin met Officers Bardle and Madison and Defendant at the St. John Police Department. Both Officers Bardle and Martin testified that Defendant was unsteady on his feet and required assistance getting out of the vehicle and walking to where the BAC machine was located. According to Officer Martin, Defendant was "definitely intoxicated."

Officer Bardle advised Defendant of his Miranda rights and the Missouri Implied Consent Law, and requested Defendant to take a breathalyzer test. Defendant re-

---

1. All statutory references are to RSMo.2000 unless otherwise indicated.

fused. Thereafter, Officer Madigan transported Defendant to Normandy for booking.

The State charged Defendant with driving while intoxicated ("DWI"), in violation of Section 577.010, and as a persistent offender, pursuant to Section 577.023.1(2). As to Defendant's alleged persistent offender status, the State averred that Defendant pleaded guilty to two previous intoxication-related offenses, one occurring on August 27, 2000, in St. Louis County, and the other occurring on September 28, 1996, in St. Charles County.

The parties tried the case before a jury in March 2004. The jury convicted Defendant of driving while intoxicated. The trial court sentenced Defendant, as a persistent offender, to four years' imprisonment in the Missouri Department of Corrections. This appeal followed.

### Standard of Review

■ We will not disturb a trial court's ruling regarding the substitution of an alternate juror for a regular juror during trial absent an abuse of discretion. *State v. Naucke*, 829 S.W.2d 445, 461 (Mo. banc 1992). We review a trial court's rulings of law *de novo*. *State v. Griffin*, 28 S.W.3d 480, 481 (Mo.App. E.D.2000).

### Discussion

#### A. Juror Bias

■ In his first point on appeal, Defendant asserts that the trial court erred in not replacing one of the jurors, Juror No. 11, with an alternate juror because, during trial, Juror No. 11 disclosed that she taught Officer Bardle, a witness in the case, approximately seventeen years prior to trial. The State counters that the trial court properly retained Juror No. 11 because she was able to state that her teaching relationship with Officer Bardle would not affect her ability to be fair and impartial. We agree with the State.

■ The substitution of a regular juror during trial is a matter entrusted to the trial court's discretion. *Naucke*, 829 S.W.2d at 461. The trial court is in the best position to determine a juror's ability to effectively discharge his or her duties. *Lester v. Sayles*, 850 S.W.2d 858, 870 (Mo. banc 1993).

Here, the record discloses the following colloquy between the trial court, Juror No. 11, counsel for Defendant, and the prosecutor:

The Court: We are out of hearing of the jury. Mrs. Sneed, you indicated that you didn't realize that you knew Officer Bardle. How do you know Officer Bardle?

[Juror No. 11]: Student of mine probably seventeen years ago.

The Court: Seventeen years ago.

[Juror No. 11]: Probably haven't seen him in the past ten [years], but I taught him at Maplewood High School and I live in Brentwood. I've probably seen him around, not lately.

The Court: You don't have any social relationship with him?

[Juror No. 11]: Not at all.

The Court: Or any other relationship, other than you taught him?

[Juror No. 11]: Right.

[Prosecutor]: Would that affect your ability to be fair and impartial as to evidence . . . ?

[Juror No. 11]: No, ma'am.

[Defense Counsel]: You knew him because he was a student.

[Juror No. 11]: I thought I needed to tell somebody.

The Court: You did the right thing.

[Juror No. 11]: I didn't recognize him for a few minutes.

The Court: Mrs. Sneed, you may go to the jury room to join your fellow jurors.

Any motions to make [Prosecutor], any motions to make with respect to Mrs. Sneed?

[Prosecutor]: Your Honor, she stated she feels she could be fair and impartial as a juror.

[Defense Counsel]: I would object to her remaining as a juror in terms of the relationship of teacher and student. She now recognizes him and she was asked about the name on voir dire. She did not respond. We have an alternate. This is a one day case.

\* \* \*

The Court: I heard nothing to indicate she would be biased or prejudiced by the fact. She didn't really know him until she saw and heard him. I don't think it's anything intentional on her part otherwise she wouldn't call our attention to it. The motion will be denied.

Juror No. 11 stated that she taught Officer Bardle approximately seventeen years before the trial and had not been in contact with him recently. She had no social or other relationship with him. Additionally, she unequivocally stated that the fact that she had once taught Officer Bardle would not affect her ability to be fair and impartial. Under these facts, the trial court did not abuse its discretion in denying Defendant's request to replace Juror No. 11.

Point denied.

## B. Sentencing as a Persistent Offender

In his second point, Defendant argues that the trial court erred in sentencing him as a persistent DWI offender, pursuant to Section 577.023, because: (1) the State failed to prove that he pleaded guilty to or was found guilty of two or more intoxication-related traffic offenses within ten years of the offense for which he was charged, pursuant to Section 577.023.1(2); and (2) the trial court failed to specifically find that he was an intoxication-related persistent offender pursuant to Section 577.023.5(3). The State counters that the trial court did not err in sentencing Defendant as a persistent offender because Defendant admitted at trial that he committed two prior intoxication-related traffic offenses and the trial court was not statutorily required to make express findings that Defendant was a persistent offender.

The State's Information alleged Defendant to be a persistent DWI offender, as follows:

Count I: Driving w/ Intoxicated—Persistent Offender—Felony

That Tommy G. Rose, in violation of Section 577.010, RSMo, committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.011, 560.011 and 577.023, RSMo, in that on or about January 18, 2003, at approximately 10:00 P.M., eastbound I–70 at Bermuda, in the County of St. Louis, State of Missouri, the defendant operated a motor vehicle while under the influence of alcohol, *and on November 30, 2000, defendant had pleaded guilty to driving with excessive blood alcohol content, for events occurring on August 27, 2000, in St. Louis County Municipal Court cause # 00WM–048779, and the judge was an attorney and the defendant was represented by an attorney or waived counsel in writing, and on April 29, 1997, defendant had pleaded guilty to driving while intoxicated, for events occurring on September 28, 1996, in St. Charles Associate Court, cause # CR696–8536M.*

(Emphasis added).

■ To prove Defendant's persistent offender status, as charged in the Information, the State "had the burden of intro-

ducing evidence that established, beyond a reasonable doubt, sufficient facts of those pleaded in the information to warrant a finding that [Defendant] was a persistent offender." *State v. Gibson*, 122 S.W.3d 121, 127 (Mo.App. W.D.2003) (*citing* Section 577.023.5(2)). Where sufficient evidence is adduced to support the finding that a defendant is a persistent offender, the lack of a specific finding to that effect by the trial court is "only a procedural deficiency." *State v. Sparks*, 916 S.W.2d 234, 238 (Mo.App. E.D.1995); *State v. Boyd*, 927 S.W.2d 385, 390 (Mo.App. W.D. 1996).

Section 577.023.1(2)(a) provides that a persistent offender "has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged." An "intoxication-related traffic offense," is defined as:

> driving while intoxicated, driving with excessive blood alcohol content, involuntary manslaughter pursuant to subdivision (2) of subsection 1 of section 565.024, RSMo, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, RSMo, assault of a law enforcement officer in the second degree pursuant to subdivision (3) of subsection 1 of section 565.082, RSMo, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing[.]

Section 577.023.1(1).

■ In its brief, the State contends that it proved Defendant was a persistent DWI offender through Defendant's admission, at trial, of his two prior driving while intoxicated convictions. Specifically, the State highlights the following exchange:

> [Prosecutor]: On your prior DWIs, where did that occur, the most recent one?
>
> [Defendant]: I had one in St. Charles and I had one in St. Louis County.
>
> [Prosecutor]: The one in St. Charles, when was that?
>
> [Defendant]: I believe it was '96.

The above exchange is insufficient to establish Defendant's persistent DWI offender status. Even if Defendant's testimony was sufficient to establish that Defendant pleaded to or was found guilty of an intoxication-related traffic offense in St. Charles in 1996, a persistent offender is one who has *two* prior intoxication-related traffic offenses, both of which occurred within ten years of the offense charged. *State v. Cullen*, 39 S.W.3d 899, 901 (Mo. App. E.D.2001). The record before us is devoid of evidence establishing when Defendant's St. Louis County conviction occurred. The State failed to meet its burden of proving that Defendant had pleaded to or had been found guilty of two or more intoxication-related offenses as required by Section 577.023.

■ Without proof of Defendant's prior driving while intoxicated offenses, there is no basis for sentencing Defendant as a prior and persistent offender. A remand to the trial court to determine whether Defendant is a prior and persistent offender and to resentence him does not violate double jeopardy. *Cullen*, 39 S.W.3d at 904. However, in *State v. Emery*, 95 S.W.3d 98, 103 (Mo. banc 2003), the Supreme Court concluded that the trial court is not at liberty to reopen the proceedings and allow the State to present additional evidence as to a defendant's prior and persistent status under Section 558.021. Section 577.023 follows the same proce-

dures as Section 558.021 to establish persistent DWI offender status.

Here, the trial court cannot make a finding, based on the record, that Defendant is a persistent offender, because the evidence is insufficient to support such a finding. In addition, Defendant's admission that he was convicted of DWI in St. Charles in 1996 was insufficient to support a finding that he was a prior offender under Section 577.023.1(3), because the offense did not occur within five years of 2003. Therefore, at most, Defendant may only be sentenced for the class B misdemeanor of driving while intoxicated under Section 577.010, RSMo 2000, and Section 558.011.1(6), RSMo Cum.Supp.2004. In addition, without proof that Defendant is a prior and persistent offender, he is entitled to jury sentencing under Section 557.036, RSMo Cum.Supp.2004.[2] Accordingly, his case must be remanded to trial court for jury sentencing in accordance with the procedures outlined in Section 557.036. *See State v. Chapman,* 167 S.W.3d 759, 763 (Mo.App. E.D.2005).

### Conclusion

The judgment of conviction for felony driving while intoxicated is reversed in part and remanded for the trial court to enter a conviction for the class B misdemeanor of driving while intoxicated and for jury sentencing, unless waived, in accordance with the procedures outlined in section 557.036, RSMo Cum.Supp.2004. In all other respects, the judgment is affirmed.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

**2.** We note that here, unlike in *Emery,* the record reflects that defense counsel requested   jury sentencing.