**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Sanchez TORELLO,
Defendant/Appellant.**

**No. ED 94110.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 22, 2011.

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

Sanchez Torello (Defendant), alleging the trial court erred in finding Defendant was a persistent misdemeanor offender under Section 558.016 [1], appeals from the trial court's Sentence and Judgment and Commitment (Judgment). We affirm Defendant's conviction but remand for resentencing.

### Factual and Procedural Background

Defendant was charged as a persistent misdemeanor offender with felonious restraint, in violation of Section 565.120, attempted forcible rape, in violation of Section 566.030, and armed criminal action, in

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

violation of Section 571.015.[2] In support of his persistent offender status, the State submitted the information and judgment for Defendant's previous convictions. Defendant was charged with resisting arrest and assault of a law enforcement officer:

... Sanchez T. Torello, in violation of Section 575.150, RSMo, committed the class A misdemeanor of resisting arrest ... in that, on or about Sunday, December 13, 1998, at approximately 2:02 p.m., at 1823 Parker Road, ... P.O. Biesiada[,] a law enforcement officer, was attempting to lawfully detain defendant for investigation, and the defendant, knowing that the officer was attempting to lawfully detain defendant and for the purpose of preventing the officer from effecting the detention, resisted the detention by using or threatening to use violence or physical force....

... Sanchez T. Torello, in violation of Section 565.083.1, RSMo, committed the class A misdemeanor of assault of a law enforcement officer in the third degree, ... in that, on or about Sunday, December 13, 1998, at approximately 2:08 p.m., at 1823 Parker Road, ... the defendant[ ] attempted to cause physical injury to P.O. Biesiada, a law enforcement officer, by kicking his leg.

When Exhibit 1 was admitted into evidence, Defendant objected to the court's finding that Defendant's previous convictions showed separate offenses according to the persistent misdemeanor offender statute, Section 558.016. Defendant contended that since both convictions stemmed from the same course of conduct, involving the same officer, at the same location, and on the same date, they were not separate offenses. However, because the charges alleged the offenses were committed at two different times, 2:02 p.m. and 2:08 p.m., the court found the convictions of resisting arrest and assault of a law enforcement officer to be separate offenses under the plain meaning of the statute. Because of this determination, pursuant to Section 558.016.1, the judge, not the jury, determined Defendant's sentence.

On October 29, 2009, the jury returned verdicts of guilty on all three counts. On December 11, 2009, the trial court sentenced Defendant to a total of thirty-two years. This appeal followed.

### Discussion

■ In his sole point on appeal, Defendant claims that the trial court erred in determining that he was a persistent misdemeanor offender within the meaning of Section 558.016.5. We agree.

"We review a trial court's rulings of law de novo." State v. Rose, 169 S.W.3d 132, 134 (Mo.App. E.D.2005) (reviewing a defendant's claim, properly preserved, that the State failed to prove the defendant's "persistent" status).

■ "That an offender has been convicted of more than one felony is not alone sufficient to prove that the offender is a persistent offender." State v. Sanchez, 186 S.W.3d 260, 263 (Mo. banc 2006). "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. Likewise, a "'persistent misdemeanor offender' is one who has pleaded guilty to or has been found guilty of two or more class A or B misdemeanors, committed at different times...." Section 558.016.5. "[F]elonies

---

**2.** Defendant does not contest the sufficiency of the evidence for these convictions; thus, this Court will not repeat the evidence adduced at trial in support thereof. As Defendant's sole point on appeal is that the court erred in finding he was a persistent misdemeanor offender, only the facts relevant to that inquiry will be examined.

are not committed at different times if they are committed as a part of a continuous course of conduct in a single episode." *Sanchez*, 186 S.W.3d at 263–64.

■ When multiple felony or misdemeanor convictions arise out of a continuous course of conduct in a single episode, they are not "committed at different times" for purposes of persistent offender status. *Id.* In *State v. Sanchez*, the court considered the issue of whether "two firearm felonies occurring on the same date at roughly the same time" were "committed at different times" within the meaning of the persistent-offender statute. *Id.* at 263. Previously, Sanchez pled guilty to carrying a concealed weapon and exhibiting a shotgun in an angry or threatening manner. *Id.* The evidence supporting those convictions showed that Sanchez carried a shotgun into a restaurant, located in a shopping plaza. *Id.* When the police arrived, they found Sanchez in his truck in the plaza parking lot, approximately 100 yards from the restaurant, with a handgun in his belt. *Id.* Although Sanchez was convicted of two separate felonies, the court found that the State failed to show that this was "more than a single episode" because there was "no evidence as to whether Sanchez left the plaza parking lot, what time interval occurred between when the restaurant was entered and the truck was stopped, when Sanchez acquired the handgun, or whether Sanchez had the handgun at the time he entered the restaurant." *Id.* at 264. Ultimately, the State did not clearly show this was "more than a single episode" because it failed to establish Sanchez did not have the concealed handgun when he was exhibiting the shotgun in the restaurant and continued to have it through his arrest in the parking lot. *See id.* at 263–34. Because of the proximity in time and location, coupled with the State's failure to clearly demonstrate that the two felonies were not a continuous course of conduct, the court held that Sanchez should not be considered a "persistent offender." *Id.*

■ Here, the State did not sufficiently show that Defendant's previous convictions of resisting arrest and assault of a law enforcement officer were more than a single episode. Like in *Sanchez*, where the crimes[3] occurred at "roughly the same time," and place (within 100 yards), the two crimes in this case occurred within six minutes of each other at the same address, supporting a single-episode inference. Furthermore, in *Sanchez*, the evidence was unclear regarding the defendant's acquisition of the handgun; likewise, here, it is unclear from the documents introduced at trial whether the Defendant's resisting arrest and assault of a police officer were part of a continuous six minute struggle or two separate and discrete offenses. As it was the State's burden to prove beyond a reasonable doubt that the two offenses were "more than a single episode," *Id.* at 264, the State's failure to meet this burden requires this Court to reverse the trial court's finding of persistent misdemeanor offender status.

■ When a trial court's error "applie[s] only to the determination of the sentence," "[p]rinciples of judicial economy only require a new trial as to the determination of his sentence and not his guilt." *State v. Chapman*, 167 S.W.3d 759, 763 (Mo.App. E.D.2005); Section 557.036. "The only effect of . . . a finding [of persis-

---

3. This Court recognizes that *Sanchez* interpreted Section 558.016.3, defining "persistent offender," while the present case is about Section 558.016.5, defining "persistent misdemeanor offender." However, due to the parallel language in the sections, the Missouri Supreme Court's interpretation for persistent felony offenders applies to persistent misdemeanor offenders, as well.

tent misdemeanor offender status] was taking sentencing from the jury." *State v. Darden*, 263 S.W.3d 760, 767–68 (Mo.App. W.D.2008). Furthermore, "there is nothing in [Section 557.036] that requires the determination of both the guilt and the sentence by the same jury." *Chapman*, 167 S.W.3d at 763. Therefore, where the evidence is insufficient to support a finding of prior and persistent offender status, the case "must be remanded to trial court for jury sentencing." *Rose*, 169 S.W.3d at 136.

Here, the trial court's erroneous determination that Defendant was a persistent misdemeanor offender affects his sentence only. *Darden*, 263 S.W.3d at 767–68. Therefore, the proper remedy is to affirm his conviction, but remand for resentencing by a jury. *Sanchez*, 186 S.W.3d at 264 ("[T]he judgment as to Sanchez's status as a persistent offender is reversed, and the case is remanded for resentencing."); *Rose*, 169 S.W.3d at 136 (finding that the case must be remanded to the trial court for jury sentencing where the State did not meet its burden of proving the defendant's persistent offender status.) [4]

### Conclusion

The Defendant's conviction is affirmed, but this case is remanded for jury resentencing.

GARY M. GAERTNER, JR., Presiding Judge, and PATRICIA L. COHEN, Judge, concur.

---

4. On remand, the State will not be allowed to present additional evidence to establish Defendant's persistent misdemeanor offender status. *See Darden*, 263 S.W.3d at 767–68; *Rose*, 169 S.W.3d at 136, *citing State v. Emery*, 95 S.W.3d 98, 103 (Mo. banc 2003).