

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| GLENN JOSEPH, | ) | ED103047 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1322-CC00089 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Robert H. Dierker, Jr. |
| | ) | |
| Respondent. | ) | Filed: February 16, 2016 |

## Introduction

Glenn Joseph (Movant) appeals from the motion court's judgment denying his Missouri Rule of Criminal Procedure 29.15[1] motion for post-conviction relief after an evidentiary hearing. Movant claims his counsel was ineffective for failing to realistically advise him of the strength of the State's case against him and the probability he would be convicted after a trial, causing him to reject a plea offer from the State. We affirm.

## Factual and Procedural Background

The State charged Movant as a prior and persistent offender with one count of burglary in the first degree, one count of misdemeanor stealing, and one count of misdemeanor property damage. Before trial, the State offered Movant a plea deal of fifteen years' imprisonment, which

---

[1] All rule references are to Mo. R. Crim. P. 2015, unless otherwise indicated.

he rejected. After a trial, a jury convicted him on all counts.[2] The trial court sentenced him to concurrent sentences of twenty years' imprisonment in the Missouri Department of Corrections on the count of first-degree burglary, and to six months' imprisonment in a medium security institution on each of the remaining counts. This Court affirmed his conviction and sentence on appeal. State v. Joseph, 375 S.W.3d 833 (Mo. App. E.D. 2012).

The facts supporting Movant's conviction were as follows. Peggy Ann Ashmore (Victim) managed ten apartment units, including one above the ground-floor unit where she lived. Movant was a tenant and also worked for Victim cleaning the apartments. The day before the burglary, Movant cleaned the unit above Victim's. After Movant finished cleaning, he went to Victim's unit to return the key. Victim paid Movant $60 in cash that she retrieved from a portfolio on her kitchen table containing $700 in cash. Around 5:45 a.m. the following morning, Victim was awake in her bed when she heard the latch on her gate into her yard open and heard a rock break her kitchen window. She saw the window blind in her kitchen move and a hand reach through the window blind toward the portfolio on the table. She ran into the kitchen and looked out the window where she saw Movant running out of her yard. She recognized Movant from his clothes—the navy blue Dickie pants and long-sleeve shirt he wore when cleaning, his body type, his coloring, his haircut, and his distinctive gait. After the break-in, Victim noticed the portfolio was gone; however, all but $20 of the money had fallen out of the portfolio onto the kitchen floor. Although Victim told the police she never saw the burglar's face, she testified at trial that she was absolutely sure it was Movant she saw.

---

[2] In Movant's first trial, the jury was unable to reach a verdict and the trial court declared a mistrial. After a second trial, the jury convicted Movant, leading ultimately to this appeal.

After this Court affirmed Movant's conviction and sentences, Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. His appointed counsel untimely filed an amended motion. After a hearing, the trial court determined the delay was not attributable to Movant and permitted the untimely filing. The amended motion alleged that after the State offered him a plea deal, Movant's trial counsel "failed to realistically advise Movant of the strength of the [S]tate's case and the probability that he would be convicted after trial." He further alleged that but for counsel's lapse, there was a reasonable probability that Movant would have pleaded guilty.

At an evidentiary hearing on the amended motion, Movant testified via deposition that his trial counsel had encouraged him to go to trial, telling him that she did not believe the State had enough evidence to prove its case against him and that he had a good chance of "beating the case." Based on this advice, he rejected the State's plea offer of 15 years' imprisonment. He attested that his trial counsel explained he was charged with first-degree burglary because Victim told police she saw him reach his hand through her window.

Also at the evidentiary hearing, trial counsel testified via deposition that Movant had maintained his innocence to the charges and "never really wanted to entertain any other idea except for a trial." She attested she offered him her opinion about the strength of the case, which was that it was "not the best case for trial" because he had no alibi witnesses and could not testify in his own defense without revealing his "20 plus" prior convictions. Nevertheless, she stated she did not want to push him into a plea deal when "he always maintained that he wanted a trial, he always maintained that he wasn't there," and thus she told him there were "some things [they] could potentially work with" regarding the identification. They discussed the possible range of punishment if he was convicted, but Movant still wanted to go to trial.

3

Moreover, trial counsel attested Movant was considering whether pleading guilty to the State charges would have potentially put him a negative position with his pending federal probation-revocation case.

The motion court denied the amended motion, finding that Movant's testimony was generally not credible and that he failed to meet his burden to show either that trial counsel's performance was deficient or that he was prejudiced thereby. Specifically, the motion court found "there was no reasonable probability that different action of counsel would have resulted in [Movant's] and this Court's acceptance of the proffered plea bargain." This appeal follows.

## Standard of Review

Appellate review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009). We defer to the motion court's greater ability to judge the credibility of witnesses. Bradley v. State, 292 S.W.3d 561, 566 (Mo. App. E.D. 2009).

## Discussion

In his sole point on appeal, Movant argues the motion court erred in denying his post-conviction motion, because his trial counsel was ineffective for failing to realistically advise him of the strength of the State's case and the probability that he would be convicted after a trial. He argues that but for his trial counsel's erroneous advice, he would have pleaded guilty and received a lesser sentence. We disagree.

Where a defendant has been offered a plea deal by the State, he is entitled to effective assistance of counsel in determining whether to accept the offer. Williams v. State, 367 S.W.3d

4

652, 654 (Mo. App. E.D. 2012) (citing Lafler v. Cooper, --- U.S. ---, 132 S.Ct. 1376, 1387 (2012)). For relief based on a claim of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92 (1984)). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, --- U.S. ---, 132 S.Ct. 1399, 1409-10 (2012).

The record shows that Movant agreed trial counsel told him reaching into a window constituted first-degree burglary and he had been positively identified as the burglar. Trial counsel testified that she relayed the State's fifteen-year plea offer, they discussed the range of punishment for first-degree burglary, and she offered her opinion of the case, which was that it was not "the best case for trial." Nevertheless, Movant insisted he was innocent and wanted to go to trial. Accordingly, she planned a trial strategy to attack Victim's identification evidence and encouraged Movant that there was "potential[]" in that attack. Movant's first trial resulted in a hung jury and a mistrial, demonstrating the success of trial counsel's strategy. After his second trial, he was convicted and sentenced to twenty years' imprisonment. Movant now wishes that he had accepted the State's plea offer of fifteen years.

First, Movant has failed to show trial counsel's performance was deficient. Movant relies on his self-serving testimony from the evidentiary hearing that but for trial counsel's deficient advice—allegedly that the State did not have enough evidence against him for a conviction and

5

she believed he could "beat[] the case"—he would have accepted fifteen-year the plea offer. Movant's claim is inconsistent with both trial counsel's testimony that she told him he did not have the best case for trial and his own testimony that she told him he had been positively identified as the burglar. The motion court found Movant's testimony was not credible, and we defer to that determination. See Bradley, 292 S.W.3d at 566.

Rather, the record shows trial counsel presented Movant with the State's plea offer, they discussed the range of sentencing, they discussed the State's witness who had positively identified Movant as the person she saw running away from her home, and she gave him her opinion that it was not the best case for trial; but in the end she acquiesced to his desire to go to trial. Missouri courts have previously found counsel not ineffective under these circumstances. See Bright v. State, 4 S.W.3d 568, 571 (Mo. App. S.D. 1999) (trial counsel was not ineffective for failing "to adequately advise" movant on consequences of accepting or rejecting State's plea offer, when there was evidence in record that trial counsel presented plea offer to movant and they discussed it, even though trial counsel did not use the words, "you should take this plea").

Second, Movant has failed to show prejudice. In order to prove prejudice, as is required to show ineffective assistance of counsel, Movant must show three things: (1) a reasonable probability he would have accepted the plea offer but for the ineffective assistance of counsel; (2) a reasonable probability the plea offer would have been entered without the prosecution cancelling it; and (3) a reasonable probability the trial court would have accepted the agreement. Smith v. State, 443 S.W.3d 730, 735-36 (Mo. App. S.D. 2014) (citing Frye, 132 S.Ct. at 1409-10). The record overwhelmingly shows that Movant was not willing to plead guilty. Even though he knew he had been identified as the burglar, the alleged crime met each element of first-degree burglary, the potential sentence, and that his attorney did not believe it was a good

6

case for trial, Movant was adamant that he was innocent of the crime and was not willing "to entertain any other idea except for a trial." Even at the evidentiary hearing, he testified to his innocence. Although he testified at the evidentiary hearing that he would have pleaded guilty despite his innocence, the motion court found this testimony not credible, a finding to which we must defer. See Bradley, 292 S.W.3d at 566. On this record, Movant cannot now show there was a reasonable probability he would have pleaded guilty.

Likewise, in light of Movant's adamant assertion of his innocence, there is no reasonable probability the plea court would have accepted a guilty plea if Movant were not willing to admit his guilt. Thus, we see no clear error in the motion court's denial of Movant's Rule 29.15 motion. See Rule 29.15(k); Forrest, 290 S.W.3d at 708.

Point denied.

## Conclusion

The judgment of the motion court is affirmed.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

7