

# Missouri Court of Appeals

### Southern District

#### Division Two

CEBRON CORDELL FINLEY,    )
    )
    Movant-Appellant,    )
    )
v.    )    No. SD33564
    )
STATE OF MISSOURI,    )    **Filed: December 10, 2019**
    )
    Respondent-Respondent.    )

## APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Circuit Judge

(*Lynch, J., Burrell, J, and Francis, J.*)

### PROCEEDING ON MOTION TO RECALL MANDATE

PER CURIAM. We are asked to consider a motion to recall mandate filed on behalf of Cebron Cordell Finley ("Movant"). On September 26, 2011, Movant was sentenced to 30 years' imprisonment for domestic assault in the first degree (*see* section 565.072, RSMo Cum. Supp. 2008) and a concurrent, 10-year sentence for armed criminal action (*see* section 571.015, RSMo 2000). We affirmed Movant's convictions on direct appeal in ***State v. Finley***, 403 S.W.3d 625 (Mo.App. 2012). Movant then timely filed a Rule 29.15[1] motion for post-conviction relief that alleged his trial counsel was ineffective in misadvising him about the possible outcomes of a trial and the likely sentence he would receive. After the motion court denied relief, we affirmed, stating "Because Movant's entire argument relies

---

[1] Unless otherwise indicated, all rule references are to Missouri Court Rules (2015).

on testimony the motion court was not required to credit, we affirm the denial of post-conviction relief."

## STANDARD OF REVIEW

"This court loses jurisdiction when it issues its mandate to the circuit court." *State v. Taylor*, 1 S.W.3d 610, 611 (Mo.App. 1999). An appellate court may reacquire jurisdiction via the judicial power to recall a mandate. *State v. Nunley*, 341 S.W.3d 611, 618 (Mo.banc 2011); *State v. Chapman*, 167 S.W.3d 759, 761 (Mo.App. 2005). "A motion to recall mandate may be used to obtain relief from convictions and sentences that are inconsistent with federal constitutional rules." *State v. Thompson*, 134 S.W.3d 32, 33 (Mo.banc 2004). A motion to recall mandate can also be used to correct defects in the appellate proceedings. *See e.g., Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 354 (Mo.banc 2001) (mandate recalled to allow for timely filing of motion for attorney's fees); *City of Excelsior Springs v. Elms Redevelopment Corp.*, 18 S.W.3d 53, 55 (Mo.App. 2000) (mandate recalled due to error in directions to circuit court); *State v. Palmer*, 976 S.W.2d 29, 30 (Mo.App. 1998) (mandate recalled to allow for re-sentencing).

## DISCUSSION

Movant asserted two claims: (1) trial counsel was ineffective for his "Failure to Advise as to Maximum Possible Sentence" and (2) trial counsel was ineffective for his "Erroneous Advice Concerning Elements of the Offense[.]" As to the first claim, Movant alleged:

> Pursuant to plea negotiations, the prosecution offered to recommend to the court an aggregate sentence of fifteen years imprisonment if [M]ovant entered a plea of guilty. After discussions with counsel, [M]ovant was left with the belief that if he proceeded to trial and was convicted, the trial court would sentence him to no more than fifteen years in prison.

2

In pertinent part, trial counsel testified that the prosecution *never* made a plea offer below twenty years' imprisonment.

As to the second claim, Movant alleged that "trial counsel incorrectly advised him that, given the facts of his case, the trial court *could not find him guilty* of domestic assault in the *first* degree[.] Trial counsel erroneously advised [M]ovant that the prosecution *could not prove* that he knowingly caused serious physical injury to the victim[.]" (Emphasis added.) Trial counsel testified that he explained the elements of domestic assault in the first degree to Movant and that it would be up to the judge to decide whether Movant acted knowingly.

The motion court rejected Movant's testimony and believed the testimony given by trial counsel as follows.

> The Court does not believe that [trial counsel] did not tell Movant the maximum sentence he could receive if convicted after trial. The Court also doesn't believe that [Movant] believed he could only receive no more than 15 years if convicted after a trial. . . . The Court does not believe the evidence supports that a 15 year offer was ever made. The Court also does not believe that Movant was told by [trial counsel] that he could only be found guilty of the lesser included offense of domestic assault in the second degree, a Class B Felony.

Based upon these credibility determinations by the motion court, we affirmed its determination that trial counsel was not ineffective.

Movant now alleges in his motion to recall mandate that sometime after we issued our mandate, Movant received his file from the Office of the State Public Defender. In it, he found a letter that was not in that file when post-conviction counsel was representing him.[2] The letter (sent from trial counsel to Movant) was dated shortly before Movant's trial, and it included the following:

---

[2] An internal e-mail within the Public Defender's Office indicates there were items missing from Movant's file in April 2015.

I received your letter inquiring about a 10 year plea offer that you would accept. However, the latest offer the prosecuting attorney suggested was a 15 year sentence, which is lesser than their original offer of 20 years. Honestly, I don't feel the need to accept this offer by the state since there is insufficient evidence to support the knowingly intent element of assault in the first degree. The burden of proof is solely on the state and can't be shifted to our defense. At best[,] the evidence can only show your actions **RECKLESSLY** caused serious physical injury to [victim] which constitute assault in the second degree.

The quoted portion of this letter clearly contradicts trial counsel's hearing testimony in that the letter indicates the State had offered a plea agreement of 15 years that counsel "d[id]n't feel the need to accept[,]" and it specifically claimed that Movant could not be convicted of first degree domestic assault because "the evidence can only show" that he acted recklessly (the standard for second degree), not knowingly (the standard for first degree). Thus, the content of the letter supports Movant's testimony, which aligned with the allegations in his motion for post-conviction relief. Essentially, Movant testified that he rejected the State's plea offer because trial counsel told him that the prosecution could not prove the elements of first-degree domestic assault.

"The plea process in a criminal adjudication warrants the same constitutional guarantee of effective assistance of counsel as trial proceedings." *Neal v. State*, 379 S.W.3d 209, 215 (Mo.App. 2012). Trial counsel must communicate plea offers to the defendant as well as provide adequate advice with respect to the offer. *Jackson v. State*, 535 S.W.3d 374, 380-81 (Mo.App. 2017). Providing incorrect information about the maximum sentence the defendant could receive at trial would constitute deficient performance by trial counsel. *Williams v. State*, 367 S.W.3d 652, 656 (Mo.App. 2012). To show prejudice, a movant needs to demonstrate a reasonable probability that he or she would have accepted the plea

offer but for the ineffective assistance of counsel. ***Joseph v. State***, 482 S.W.3d 457, 460-61 (Mo.App. 2016).[3]

If the motion court were to find the letter genuine, and that it was not in Movant's or motion counsel's possession prior to Movant's evidentiary hearing, it could find that trial counsel's performance was deficient in that he incorrectly misadvised that the evidence "can only show" one thing, i.e., conviction on the lesser-included offense of domestic assault in the second degree, which carried a maximum sentence of 15 years. Movant testified that if he had known that trial counsel's assertion was untrue, he would have accepted the State's 15-year plea offer instead of proceeding to trial. Unfortunately, this evidence was not available to the motion court when it rendered its decision, which was based solely upon a credibility determination.

If post-conviction counsel had possessed the letter, he could have impeached trial counsel's testimony that "[t]he only offer, or the lowest offer ever made was 20 years as charged in Count [1]." He could also have used it to question trial counsel about whether he had promised that Movant could only have been convicted of second-degree domestic assault, as the letter seemingly indicates. The letter would have bolstered both Movant's testimony and a witness he called that also claimed a 15-year plea agreement had been offered by the State. The unavailability of the letter at Movant's post-conviction proceeding, which Movant claims was not his fault, impinged upon his ability to demonstrate that he was deprived of his constitutional right to effective assistance of counsel. If Movant is serving a sentence due in any part to the ineffective assistance of

---

[3] The ***Joseph*** court notes two other requirements to prove prejudice that are not at issue here, i.e., the plea would not have been withdrawn and it would have been accepted by the trial court. ***Id.***

counsel, then a recall of our mandate is the appropriate remedy. *Thompson*, 134 S.W.3d at 33.

In *Bridgewater v. State*, 458 S.W.3d 430 (Mo.App. 2015), a motion to recall mandate alleged that a memorandum missing from Bridgewater's file corroborated his testimony that plea counsel told him that he would only receive one life sentence. *Id.* at 432. Bridgewater, who was facing up to six consecutive life sentences, believed, based upon his counsel's representation, that the trial court would order all six sentences to be served concurrently. *Id.* at 432-33. Instead, the trial court ran three of his six life sentences consecutive to the other three. *Id.* at 434.

At Bridgewater's post-conviction-relief hearing, plea counsel testified that she did not remember specifically what she told Bridgewater, but her usual practice was to tell a client the worst case scenario, and it was never her practice to "predict or guarantee" an outcome. *Id.* at 435. The notes of her actual discussions with Bridgewater were missing from the file. *Id.* The motion court credited plea counsel's testimony, disbelieved Bridgewater's recollection, and denied post-conviction relief. *Id.* The western district of our court affirmed that decision. *Id.*

Sometime thereafter, Bridgewater received his file from the Public Defender's Office, and it contained a "File Memo" that memorialized the following: "Went over plea form again w/client. Am confident in one life CC for client with guilty plea." *Id.* at 436. The Western District responded by granting Bridgewater's motion to recall mandate, concluding that the missing memo was corroborative of Bridgewater's testimony that plea counsel had affirmatively misrepresented the likely outcome of the plea hearing. *Id.* at 438. Because the memo was missing (through no fault of his own), Bridgewater was precluded

from effectively demonstrating that plea counsel's recitation of her "usual practice" in advising clients was completely irrelevant. *Id.* Further, as in the instant case, the motion court's decision was based entirely upon a credibility finding. Thus, the Western District concluded that its "mandate w[ould] impinge, unless withdrawn, on Bridgewater's effective ability to challenge whether he received effective assistance of trial counsel in connection with his guilty plea proceeding." *Id.*

The circumstances here are virtually indistinguishable. Movant found a missing letter from his file that contradicts the testimony trial counsel gave during Movant's post-conviction-relief hearing. The motion court's decision to deny relief was solely based upon a credibility determination, and we affirmed that decision on appeal.

Unless our mandate is withdrawn, Movant's allegedly corroborated assertion that trial counsel provided ineffective assistance in advising him of a plea offer and the likely outcome of his trial cannot be evaluated by the motion court. Therefore, we hereby recall our mandate issued October 13, 2015. We further vacate our September 24, 2015 Summary Order and Statement and the motion court's judgment denying post-conviction relief entered August 14, 2014.

The matter is remanded to the motion court with directions to reopen the evidentiary hearing on Movant's Rule 29.15 motion to allow Movant to present what he alleges to be newly-available corroborating evidence.[4]

---

[4] The motion court is, of course, free to consider all evidence concerning the letter from trial counsel to Movant, including, but not limited to, counsel's interpretation of the letter, the authenticity of the letter, and the circumstances regarding the letter's alleged unavailability at the time of the original motion hearing.